William F. Auther (State Bar No. 014317)
Charles M. Seby (State Bar No. 035523)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2736
Telephone: (602) 643-2300
Fax: (602) 248-0947
William.Auther@bowmanandbrooke.com
Charles.Seby@bowmanandbrooke.com
Minute Entries: mme@phx.bowmanandbrooke.com
Attorneys for MSA Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Adalberto Murillo Garcia, and Aracely Vasquez Rivera, as husband and wife, individually and on behalf of their minor children Christian A. Murillo, Bryant Murillo, and Joshua A. Murillo,<br><br>Plaintiffs,<br><br>vs.<br><br>Mine Safety Appliances Company, a business corporation; Mine Safety Appliances Company, LLC, a foreign limited liability company; W.W. Grainger, Inc. a foreign corporation; Does I-V; John and Jane Does I-X; Black and White Corporations I-X; and Black and White Partnerships I-X.<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

Defendants "Mine Safety Appliances Company, a business corporation" and "Mine Safety Appliances Company, LLC" (collectively, "MSA Defendants") submit this timely filed Notice of Removal pursuant to 28 U.S.C. §§ 1332(a) and 1441 and, in support thereof, respectfully state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On June 27, 2019, plaintiffs filed this action in the Superior Court in and for the County of Maricopa as case number CV 2019-010152. *See* Exhibit A, Compl.

2. On September 9, 2019, plaintiffs filed a Motion to Extend Time to Serve

1

1   Complaint, which was granted on September 12, 2019. *See* Exhibit A, 1st Motion to Extend
2   Time to Serve Compl.; Exhibit A, Order Extending Time to Serve Compl.

3.  On November 5, 2019, plaintiffs filed Uncontested Motions to Amend Complaint and to Extend Time for Service of Process, which were granted on November 8, 2019. *See* Exhibit A, Uncontested Motions to Amend Compl. and to Extend Time for Serve of Process; Exhibit A, Order Approving Motions to Amend Compl. and to Extend Time for Service of Process.

4.  Plaintiffs' 1st Amended Complaint names as defendants Mine Safety Appliances Company, a business corporation, Mine Safety Appliances Company, LLC, and W.W. Grainger, Inc. *See* Exhibit A, 1st Amended Compl.

5.  "Mine Safety Appliances Company" is a merged corporate entity, now Mine Safety Appliances Company, LLC, which is headquartered and formed under the laws of Pennsylvania. *See* Exhibits B, D, G.

6.  Mine Safety Appliances Company, LLC, is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. *See* Exhibits B, D, G. The sole member of Mine Safety Appliances Company, LLC is MSA Worldwide, LLC. *See* Exhibits D, G. MSA Worldwide, LLC is a Pennsylvania limited liability company whose principal place of business is in Pennsylvania. *See* Exhibits B, D, G.

7.  The sole member of MSA Worldwide, LLC is MSA Safety Incorporated, which is incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania. *See* Exhibits D, E, H.

8.  W.W. Grainger is a separate corporation headquartered and incorporated in Illinois. *See* Exhibits C, D.

9.  Plaintiffs served the Summons and 1st Amended Complaint on MSA Defendants via CT Corporation, MSA Defendants' designated agent for service of process, on November 20, 2019. *See* Exhibit A, Certificate of Service by a Private Process Server, E. Haugen.

10. Plaintiffs served the Summons and 1st Amended Complaint on W.W. Grainger, on November 18, 2019. *See* Exhibit A, Certificate of Service by a Private Process Server, D.

Cresap.

11. As a result, this notice of removal is timely filed because MSA Defendants filed the notice within 30 days of service. S*ee* 28 U.S.C. § 1446(b)(1) (defendant must file a notice of removal within 30 days of service of the initial pleadings).

12. MSA Defendants have sought and obtained consent of the only other named defendant, W.W. Grainger, in order to remove this action. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent to removal of all other properly joined and served defendants when a civil action is removed solely under section 1441(a)).

13. This Notice of Removal is accompanied by a copy of the state court file, including the docket sheet, Complaint, civil coversheet, certificate of compulsory arbitration, demand for jury trial, Notice of Intent to Dismiss for Lack of Service, 1st Motion to Extend Time to Serve Complaint, Order Extending Time to Serve Complaint, Application for Substitution of Counsel, Order Approving Substitution of Counsel, Motions to Amend Complaint and to Extend Time for Service of Process, Order Approving Motions to Amend Complaint and to Extend Time for Service of Process, 1st Amended Complaint, and Certificates of Service (all of which are attached as Exhibit A). Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in the case have been served or otherwise received by MSA Defendants or, to MSA Defendants' knowledge, are presently on file in the state court. Should such filings come to the attention of the MSA Defendants, true and legible copies will immediately be filed with this Court.

14. MSA Defendants are serving written notification on plaintiffs and filing a Notice of Filing of Notice of Removal, with this Notice of Removal attached, with the Clerk for the Superior Court in and for the County of Maricopa, Arizona.

15. This action is based upon plaintiffs' allegations of counts concerning strict liability, negligence, *res ipsa loquitor*, breach of express warranties, and loss of consortium. *See* Exhibit A, 1st Amended Compl.

16. Plaintiffs sued all defendants, claiming they are liable for the counts alleged.

17. With regard to their claims, plaintiffs seek compensation to cover alleged

damages including: medical treatment provided to plaintiff; past lost wages; the nature, extent and duration of the injury including disfigurement; pain and suffering; loss of earning capacity; loss of future wages; loss of fringe benefits; future medical care; emotional distress; aggravating circumstances attending the injury; punitive damages; pre- and post-judgment interest; and any other losses and damages sustained and allowable under law, including costs and attorneys' fees. *See* Exhibit A, 1st Amended Compl. ¶ 66, Damages and Prayer for Relief.

18. As explained below, this Court has diversity jurisdiction over this matter and, thus, removal to this Court is proper.

## **PARTIES**

19. Plaintiffs are all citizens of Arizona, as they are presently located (and evince an intent to remain) as residents of Maricopa County, Arizona, "at all times relevant to this Complaint[.]" Exhibit A, 1st Amended Compl. ¶ 1.

20. "Mine Safety Appliances Company, a business corporation" is a merged entity, now named Mine Safety Appliances Company, LLC. Mine Safety Appliances Company, LLC is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. *See* Exhibits B, D, G. The sole member of Mine Safety Appliances Company, LLC is MSA Worldwide, LLC. *See* Exhibits D, G. MSA Worldwide, LLC is a Pennsylvania limited liability company whose principal place of business is in Pennsylvania. *See* Exhibits B, D, G. The sole member of MSA Worldwide, LLC is MSA Safety Incorporated, which is incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania. *See* Exhibits D, E, H.

21. W.W. Grainger is an Illinois corporation with its principal place of business in Illinois. *See* Exhibits C, D.

## **BASES FOR REMOVAL JURISDICTION**

22. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship, as this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, removal is proper under 28 U.S.C. § 1441(a).

23. The diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met.

24. Plaintiffs are all individuals and conceded domiciliaries of Arizona, as they state they are residents of Maricopa County "at all times relevant to this Complaint[.]" *See* Exhibit A, 1st Amended Compl. ¶ 1. The citizenship of an individual is determined by the state of his or her domicile; an individual's domicile is the state where he or she is present and intends to remain. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

25. In addition to his residence in Arizona, Plaintiff Adalberto Murillo Garcia was regularly employed in Peoria, Arizona, before and during the time of the alleged incident. *See* Exhibit A, 1st Amended Compl. ¶ 15.

26. All other plaintiffs (Plaintiff Adalberto Murillo Garcia's wife and children) currently reside in Maricopa County, Arizona, and resided in Maricopa County, Arizona, while Plaintiff Adalberto Murillo Garcia was a regular employee within—and resident of—Maricopa County. *See* Exhibit A, 1st Amended Compl. ¶¶ 1, 9.

27. Thus, as all plaintiffs are present and evince an intent to remain in Arizona, they are domiciliaries and thereby citizens of Arizona.

28. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

29. For removal purposes, a limited liability company is a citizen of every state of which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

30. Mine Safety Appliances Company is a merged Pennsylvania limited liability company, now Mine Safety Appliances Company, LLC, formed and headquartered in Pennsylvania. *See* Exhibit B, D, G. The sole member of Mine Safety Appliances Company, LLC is MSA Worldwide, LLC. *See* Exhibits D, G. MSA Worldwide, LLC is a Pennsylvania limited liability company whose principal place of business is in Pennsylvania. *See* Exhibits B, D, G. The sole member of MSA Worldwide, LLC is MSA Safety Incorporated, which is incorporated under the laws of Pennsylvania with its principal place of business in

Pennsylvania. *See* Exhibits D, E, H.

31. Thus, for diversity purposes, Mine Safety Appliances Company, LLC is a citizen of Pennsylvania.

32. MSA Defendants are citizens of Pennsylvania within the meaning of 28 U.S.C. § 1332, and neither are citizens of Arizona.

33. The sole other named defendant in this action is W.W. Grainger. *See* Exhibit A, 1st Amended Compl. ¶¶ 4, 13; Exhibit D. Because W.W. Grainger is an Illinois corporation with its principal place of business in Illinois, it is a citizen of Illinois for diversity purposes.

34. Because all defendants are not citizens of the state of Arizona—and no plaintiffs are citizens of Pennsylvania or Illinois—complete diversity of citizenship is satisfied under 28 U.S.C. § 1332(a).

35. Removal is proper under 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

36. Upon a full and fair reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and cost, as plaintiffs designate Tier 3 (that is, expected damages of greater than $300,000) as the appropriate tier of discovery. *See* Exhibit A, 1st Amended Compl. ¶ 14. Plaintiffs allege numerous forms of damages. *See* Exhibit A, 1st Amended Compl. ¶ 66. These allegations alone place the amount in controversy in excess of the $75,000 jurisdictional minimum.

37. Plaintiffs also seek attorneys' fees. Exhibit A, Compl. ¶ 66. Attorneys' fees are properly included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Wood v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 84966, *3–4 (D. Ariz. June 29, 2015); *Anyanwu v. Jaguar Land Rover N. Am., LLC*, 2015 U.S. Dist. LEXIS 75312, *5 (C.D. Cal. June 8, 2015).

### **REMOVAL TO THE DISTRICT COURT OF ARIZONA IS PROPER**

38. Removal to the District Court of Arizona is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1446(a).

1 WHEREFORE, the case now pending in the Superior Court in and for the County of Maricopa, Case No. CV 2019-010152, is hereby removed to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1332(a) and 1441.

DATED this 10th day of December 2019.

**BOWMAN AND BROOKE LLP**


By: *s/ William F. Auther*
      William F. Auther
      Charles M. Seby
      Suite 1600, Phoenix Plaza
      2901 North Central Avenue
      Phoenix, Arizona 85012-2736

Attorneys for MSA Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 10th, 2019, I electronically transmitted the foregoing **NOTICE OF REMOVAL OF ACTION** to the Clerk's Office using the CM/ECF System for filing and transmittal, and mailed a copy of the foregoing document via First-Class Mail, postage prepaid, to the following counsel:

Jason Harris
CRUZ & ASSOCIATES, P.C.
1212 E. Osborn Road
Phoenix, AZ 85014
Attorneys for Plaintiffs


 s/ Marcie Buchanan