**Adalberty Murillo Garcia, et al. vs. Mine Safety Appliances Company, et al.**

**INDEX OF EXHBITS**

A.   Documents Filed with State Court

B.   Pennsylvania Department of State – Mine Safety Appliances Company

C.   Arizona Corporation Commission – W.W. Grainger, Inc.

D.   Declaration of William F. Auther

E.   Pennsylvania Department of State – MSA Safety Incorporated

F.   State Court Docket

G.   Arizona Corporation Commission – Mine Safety Appliances Company, LLC

H.   Pennsylvania Department of State – MSA Worldwide, LLC

# EXHIBIT A

# EXHIBIT A

*Cruz & Associates*
*1990 W Camelback Rd #203*
*Phoenix AZ 85015*

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2019 NOV 21  PM 3: 03

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

ADALBERTO M GARCIA, ET AL.,                    )      CASE # CV2019-010152
                                               )
                          Plaintiff,           )      CERTIFICATE OF SERVICE BY
vs.                                            )      A PRIVATE PROCESS SERVER
                                               )
MINE SAFETY APPLIANCES CO., et al.,            )
                                               )      ORIGINAL
                          Defendants.          )
_____)

    Eugene Haugen,  being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having
been so appointed by Maricopa County Superior Court, did receive the following documents:

              SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

       In each instance I personally served a true copy of each document listed above on those named below in the manner, and at
the time and place shown below.

       Service was made upon Mine Safety Appliances Co. C/o CT Corp., by serving Krikor Kalajian, who
was authorized to accept, at 3800 N Central #460, Phoenix AZ, on November 20, 2019 at 9:56a.m.

DATED: _11 - 20 79_                            _____
                                               EUGENE HAUGEN

       I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 60.00 service

                                               DIRECT ACCESS LEGAL SERVICES
                                               550 W. BASELINE RD., SUITE 102, #200
                                               MESA, AZ 85210/(480) 464-8484

*Cruz & Associates*
*1990 W Camelback Rd #203*
*Phoenix AZ 85015*

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2019 NOV 21  PM 3: 32

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

ADALBERTO M GARCIA, ET AL.,          )     CASE # CV2019-010152
                                     )
                      Plaintiff,     )     CERTIFICATE OF SERVICE BY
vs.                                  )     A PRIVATE PROCESS SERVER
                                     )
MINE SAFETY APPLIANCES CO., et al.,  )
                                     )
                      Defendants.    )     ORIGINAL
                                     )
_____)

Eugene Haugen,  being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Mine Safety Appliances Company LLC. C/o CT Corp., by serving Krikor Kalajian, who was authorized to accept; at 3800 N Central #460, Phoenix AZ, on November 20, 2019 at 9:56a.m.

DATED: _11-20-19_

_____
EUGENE HAUGEN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 60.00 service

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

*Cruz & Associates*
*1990 W Camelback Rd #203*
*Phoenix AZ 85015*



CLERK OF THE
SUPERIOR COURT
FILED
V. MARTINEZ, DEP

2019 NOV 20 PM 3:03

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

ADALBERTO M GARCIA, ET AL.,                )        CASE # CV2019-010152
                                           )
                          Plaintiff,       )        CERTIFICATE OF SERVICE BY
vs.                                        )        A PRIVATE PROCESS SERVER
                                           )
MINE SAFETY APPLIANCES CO., et al.,        )
                                           )        ORIGINAL
                          Defendants.      )
                                           )

David Cresap, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

### SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon WW Grainger Inc. C/o CSC, by serving Brooklyn Vandervener, who was authorized to accept, at 8825 N 23rd Ave #100, Phoenix AZ, on November 18, 2019 at 3:38p.m.

DATED: _11-18-19_

_____
DAVID CRESAP

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 60.00 service

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

1   CRUZ & ASSOCIATES, P.C.
     Jason Harris, Esq.
2   Arizona State Bar No. 024412
     1212 E. Osborn Road
3   Phoenix, AZ 85014
     Telephone: (602) 777-6666
4   jharris@cruzfirm.com
     *Attorney for Plaintiffs*

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2019 NOV 21  PM 3:37

ORIGINAL

6         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7           **IN AND FOR THE COUNTY OF MARICOPA**

8   ADALBERTO MURILLO GARCIA, and
     ARACELY VASQUEZ RIVERA, as     Case No. CV 2019-010152
9   husband and wife, individually and on
     behalf of their minor children
10  CHRISTIAN A. MURILLO, BRYANT     **SUMMONS**
     MURILLO, AND JOSHUA A.     **(Negligence – Product Liability)**
11  MURILLO,
12

13          Plaintiffs,

14  vs.

15
16  MINE SAFETY APPLIANCES
     COMPANY, a business corporation;
17  MINE SAFETY APPLIANCES
     COMPANY, LLC, a foreign limited
18  liability company; W.W. GRAINGER,
     INC. a foreign corporation; DOES I-V;
19  JOHN and JANE DOES I-X; BLACK and
     WHITE CORPORATIONS I-X; and
20  BLACK and WHITE PARTNERSHIPS I-
     X.
21

22         Defendants.

*If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association*

23
24  **THE STATE OF ARIZONA TO:   MINE SAFETY APPLIANCES COMPANY**
                        Statutory Agent: CT Corporation System
25                        3800 N. Central Ave., Ste. 460 PHX, AZ 85012
26
27
28

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona — whether by direct service, by registered or certified mail, or by publication — you shall appear and defend within thirty (30) days (45 if out of state) after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. PCP; A.R.S. §§ 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper fee, within the time required, and you are required to serve a copy of

1    any Answer or response upon the Plaintiffs attorney. RCP 10(d); A.R.S. § 12-311; RCP

2    5.

3

4        The name and address of Plaintiff's attorney is:

5            Jason Harris, Esq.
             Cruz & Associates, P.C.
6            1212 E. Osborn Road
             Phoenix, AZ 85014
7
                          **ADA NOTIFICATION**
8

9        **Request for reasonable accommodation for persons with disabilities must be**

10   **made to the court by parties at least three (3) working days in advance of a**

11   **scheduled court proceeding.**

12
         **Requests for an interpreter for persons with limited English proficiency**
13
14   **must be made to the office of the judge or commissioner assigned to the case by**

15   **parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

16

17   SIGNED AND SEALED this date:          NOV 15 2019

18

19                                                    J. Fierro
                                                      Deputy Clerk
20       _Deputy Clerk_

21
                                        JEFF FINE, CLERK
22

23

24

25

26

27

28



1  CRUZ & ASSOCIATES, P.C.
   Jason Harris, Esq.
2  Arizona State Bar No. 024412
   1212 E. Osborn Road
3  Phoenix, AZ 85014
   Telephone:  (602) 777-6666
4  jharris@cruzfirm.com
   *Attorney for Plaintiffs*

5

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

8   ADALBERTO MURILLO GARCIA, and          Case No. CV 2019-010152
    ARACELY VASQUEZ RIVERA, as
9   husband and wife, individually and on
    behalf of their minor children              **SUMMONS**
10  CHRISTIAN A. MURILLO, BRYANT         **(Negligence – Product Liability)**
    MURILLO, AND JOSHUA A.
11  MURILLO,

12
                  Plaintiffs,
13

14  vs.

15
    MINE SAFETY APPLIANCES           If you would like legal advice from a lawyer,
16  COMPANY, a business corporation;    contact the Lawyer Referral Service at
    MINE SAFETY APPLIANCES                       602-257-4434
17  COMPANY, LLC, a foreign limited                   or
    liability company; W.W. GRAINGER,       www.maricopalawyers.org
18  INC. a foreign corporation; DOES I-V;        Sponsored by the
    JOHN and JANE DOES I-X; BLACK and   Maricopa County Bar Association
19  WHITE CORPORATIONS I-X; and
    BLACK and WHITE PARTNERSHIPS I-
20  X.

21

22                 Defendants.

23
    **THE STATE OF ARIZONA TO:   MINE SAFETY APPLIANCES COMPANY, LLC.**
24                                 Statutory Agent: CT Corporation System
25                                 3800 N. Central Ave., Ste. 460 Phx, AZ 85012

26

27      **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

28  the time applicable, in this action in this Court. If served within Arizona you shall

appear and defend within twenty (20) days after the service of the Summons and

Complaint upon you, exclusive of the day of service. If served out of the State of

Arizona — whether by direct service, by registered or certified mail, or by publication

— you shall appear and defend within thirty (30) days (45 if out of state) after the

service of the Summons and Complaint upon you is complete, exclusive of the day of

service. Where process is served upon the Arizona Director of Insurance as an insurer's

attorney to receive service of legal process against it in this State, the insurer shall not

be required to appear, answer or plead until expiration of forty (40) days after date of

such service upon the Director. Service by registered or certified mail without the State

of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of

service with the Court. Service by publication is complete (30) days after the date of

first publication. Direct service is complete when made. Service upon the Arizona

Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of

Compliance and return receipt or Officer's Return. PCP; A.R.S. §§ 20-222, 28-502, 28-

503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and

defend within the time applicable, judgment by default may be rendered against you for

the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an

Answer or proper fee, within the time required, and you are required to serve a copy of

any Answer or response upon the Plaintiffs attorney. RCP 10(d); A.R.S. § 12-311; RCP

5.

1

2

The name and address of Plaintiff's attorney is:

Jason Harris, Esq.
Cruz & Associates, P.C.
1212 E. Osborn Road
Phoenix, AZ 85014

## **ADA NOTIFICATION**

**Request for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.**

**Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: NOV **1 5** 2019

J. Fierro
Deputy Clerk

*Deputy Clerk*

JEFF FINE, CLERK



CLERK OF THE
SUPERIOR COURT
FILED
V. MARTINEZ, DEP

ORIGINAL   2019 NOV 20  PM 3: 07

1  CRUZ & ASSOCIATES, P.C.
Jason Harris, Esq.
2  Arizona State Bar No. 024412
1212 E. Osborn Road
3  Phoenix, AZ 85014
Telephone:  (602) 777-6666
4  jharris@cruzfirm.com
*Attorney for Plaintiffs*

5

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF MARICOPA**

8  ADALBERTO MURILLO GARCIA, and          Case No. CV 2019-010152
ARACELY VASQUEZ RIVERA, as
9  husband and wife, individually and on
behalf of their minor children
10  CHRISTIAN A. MURILLO, BRYANT          **SUMMONS**
MURILLO, AND JOSHUA A.               **(Negligence – Product Liability)**
11  MURILLO,

12

13                Plaintiffs,

14  vs.                                   If you would like legal advice from a lawyer,
                                       contact the Lawyer Referral Service at
15                                              602-257-4434
MINE SAFETY APPLIANCES                        or
16  COMPANY, a business corporation;       www.maricopalawyers.org
MINE SAFETY APPLIANCES                   Sponsored by the
17  COMPANY, LLC, a foreign limited       Maricopa County Bar Association
liability company; W.W. GRAINGER,
18  INC. a foreign corporation; DOES I-V;
JOHN and JANE DOES I-X; BLACK and
19  WHITE CORPORATIONS I-X; and
BLACK and WHITE PARTNERSHIPS I-
20  X.

21

22                Defendants.

23

24  **THE STATE OF ARIZONA TO:   W.W. GRAINGER INC.**
Statutory Agent: Corporation Service Company
25  8825 N. 23RD Ave., Ste. 100 Phoenix, AZ 85021

26      **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

27  the time applicable, in this action in this Court. If served within Arizona you shall

28

appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona — whether by direct service, by registered or certified mail, or by publication — you shall appear and defend within thirty (30) days (45 if out of state) after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. PCP; A.R.S. §§ 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs attorney. RCP 10(d); A.R.S. § 12-311; RCP 5.

The name and address of Plaintiff's attorney is:

> Jason Harris, Esq.
> Cruz & Associates, P.C.
> 1212 E. Osborn Road
> Phoenix, AZ 85014

## ADA NOTIFICATION

**Request for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.**

**Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: NOV 1 5 2019



J. Fierro
Deputy Clerk

_Deputy Clerk_

JEFF FINE, CLERK

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
11/8/2019 9:33:00 AM
Filing ID 11072559

1   CRUZ & ASSOCIATES, P.C.
    Jason Harris, Esq.
2   Arizona State Bar No. 024412
    1212 E. Osborn Road
3   Phoenix, AZ 85014
    Telephone: (602) 777-6666
4   jharris@cruzfirm.com
    *Attorney for Plaintiffs*

5

6       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7          **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 8  ADALBERTO MURILLO GARCIA, and ARACELY VASQUEZ RIVERA, as | Case No. CV 2019-010152 |
| 9  husband and wife, individually and on | |
| 10 behalf of their minor children CHRISTIAN A. MURILLO, BRYANT | **1st AMENDED COMPLAINT** **(Negligence - Product Liability)** |
| 11 MURILLO, AND JOSHUA A. | |
| 12 MURILLO, | (Tier 3) |
| 13         Plaintiffs, | |
| 14 vs. | |
| 15 | |
| 16 MINE SAFETY APPLIANCES COMPANY, a business corporation; | |
| 17 MINE SAFETY APPLIANCES COMPANY, LLC, a foreign limited | |
| 18 liability company; W.W. GRAINGER, INC. a foreign corporation; DOES I-V; | |
| 19 JOHN and JANE DOES I-X; BLACK and | |
| 20 WHITE CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS I- | |
| 21 X. | |
| 22         Defendants. | |

23

24      Plaintiffs, Adalberto Murillo Garcia, Aracely Vasquez Rivera, Christian A.

25 Murillo, Bryant Murillo, and Joshua A. Murillo ("Plaintiffs"), by and through counsel

26 undersigned, allege the following for their Amended Complaint against Defendants:

27

28

**PARTIES**

1.  Plaintiffs are at all times relevant to this Complaint resident of Maricopa County, Arizona.

2.  Defendant MINE SAFETY APPLIANCES COMPANY is at all times relevant to this Complaint, a corporation doing business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

3.  Defendant MINE SAFETY APPLIANCES COMPANY, LLC is at all times relevant to this Complaint, a foreign limited liability company licensed to do business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

4.  Defendant W.W. GRAINGER, INC., is at all times relevant to this Complaint, a foreign corporation licensed to do business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

5.  Defendants, DOES I-V, are at all times relevant to this Complaint residents of the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names as needed.

6.  Defendants, JOHN and JANE DOES, I-X, are at all times relevant to this Complaint residents of the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names as needed.

7.  Defendants, BLACK and WHITE CORPORATIONS, I-X, are at all times relevant to this Complaint, corporations incorporated in the State of Arizona, with their

2

primary places of operations in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

8.   Defendants, BLACK and WHITE PARTNERSHIPS, I-X are subject to personal jurisdiction. Plaintiff will seek leave of the Court to add or amend their true names as needed.

## JURISDICTION

9.   All acts or omissions relevant to this Complaint took place in Maricopa County, Arizona.

10. Venue in this matter is proper pursuant to A.R.S. § 12-401.

11. This Court has jurisdiction over Defendant, Mine Safety Appliances Company, under AZ ST RCP R. 4.2 as Mine Safety Appliances Company routinely and systematically transacts business in Arizona generally, and Maricopa County specifically, through the importation, design, manufacturing, marketing, selling, testing, inspecting and/or the distribution of industrial safety equipment.

12.   This Court has jurisdiction over Defendant, Mine Safety Appliances Company, LLC, under AZ ST RCP R. 4.2 as Mine Safety Appliances Company, LLC, routinely and systematically transacts business in Arizona generally, and Maricopa County specifically, through the importation, design, manufacturing, marketing, selling, testing, inspecting and/or the distribution of industrial safety equipment.

13. This Court has jurisdiction over Defendant, W.W. Grainger, Inc., under AZ ST RCP R. 4.2 as W.W. Grainger, Inc., routinely and systematically transacts business in Arizona generally, and Maricopa County specifically, through the importation, design,

3

manufacturing, marketing, selling, testing, inspecting and/or the distribution of industrial safety equipment.

## DISCOVERY TIER

14. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign this case to:  Tier 3 = Actions claiming $300,000 or more in damages.

## GENERAL ALLEGATIONS

15. On June 27, 2018, Plaintiff Adalberto Murillo Garcia ("Plaintiff A. Murillo"), was employed by Old Castle Precast, Inc. and was working during regular working hours in a confined space at or near N. 122nd Dr. & W. Blackstone Dr., Peoria, AZ 85383.   Plaintiff A. Murillo was setting up his work area so that he could begin doing his work to apply a type of preventative maintenance product, or "paste," to some joints between concrete piping located within the confined space.

16. Plaintiff A. Murillo was wearing a safety harness and was tethered to a confined space entry system manufactured, designed, tested, inspected, marketed and/or distributed by Defendants that included a fall arrestor device believed to be an MSA #10158178 "Workman Rescuer" (hereinafter referred to as "Workman Rescuer").

17. Defendant W.W. Grainger sold the space entry system, including the "Workman Rescuer", to Plaintiff A. Murillo's employer, or its affiliate company on or about 6/5/2017.

4

18. Defendants represented that the "Workman Rescuer" was new, unused and of merchantable quality, free from defect.

19. At all times material hereto, all Defendants, through their respective officers, employees, directors, trade groups, successors, predecessors, servants, franchisees, franchisors, trade names, distributors, sales forces and/or agents of any and all other types, were in the business of designing, supplying, manufacturing, testing, distributing and/or warranting industrial safety equipment, or were the corporate successors thereto.

20. After Plaintiff A. Murillo was lowered into the confined space, he began assembling a work platform that he intended to stand on while performing his labors.

21. Suddenly, Plaintiff A. Murillo slipped and began falling towards the bottom of the confined space approximately fifteen feet below.  He was unable to grip anything to prevent himself from falling.

22. Plaintiff A. Murillo expected the "Workman Rescuer" fall arrestor device would engage and "lock" to prevent him from falling more than a few inches.  Instead, the "Workman Rescuer" never locked, and Plaintiff A. Murillo fell all the way down to the floor of the confined space.

23. As a direct, substantial and factual cause of the negligence of Defendants, and the dangerous and defective nature of the "Workman Rescuer", Plaintiff A. Murillo sustained serious and permanent injuries including, but not limited to, a left patella fracture, fractures of the left second, third and fourth metatarsals, left Lisfranc injury, malalignment of the left second metatarsal joint, left posterior tibial tendinitis, sprains

and strains, contusions, bruises and other injuries, some or all of which may be permanent in nature,

24. As a result of the aforesaid incident, Plaintiff A. Murillo has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities, and will continue to suffer the same for an indefinite time into the future.

25. As a further result of the aforesaid incident, Plaintiff A. Murillo has required and continues to require medical treatment in an about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time into the future.

26. As a further result of the aforesaid, Plaintiff A. Murillo has suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

**COUNT 1: STRICT PRODUCT LIABILITY**
**ADALBERTO MURILLO GARCIA v. DEFENDANTS**

27. The allegations of paragraphs 1 through 26 of this Complaint are incorporated herein by reference.

28. Upon information and belief, Defendants Mine Safety Appliances Company and Mine Safety Appliances Company, LLC (collectively, "MSA") collectively and/or individually designed, manufactured, distributed, imported, sold, marketed, warranted and/or produced the "Workman Rescuer" that allegedly failed.

6

29. Upon information and belief, Defendant W.W. Grainger inspected, warranted, marketed, distributed, and/or sold the "Workman Rescuer" that allegedly failed.

30. Upon information and belief, Defendants were in the business of selling fall arrestor devices and confined space entry systems, including the "Workman Rescuer", and they brought or caused to be brought the above-described device into the stream of commerce in Arizona.

31. Defendants Does I-V, John and Jane Does, I-X, Black and White Corporations, I-X, and Black and White Partnerships, I-X may have participated in the design, manufacture, testing, inspection, warranty, marketing and/or sale of the subject fall arrestor device.

32. At the time Defendants MSA placed the subject fall arrestor device into the stream of commerce where it was acquired by Defendant W. W. Grainger, the subject physical fitness equipment was defective, unreasonably dangerous and unfit for its intended use and purposes because of its design, manufacture, testing, inspection, warranty, marketing, lack of warnings and proper installation. Thus, it was defective. In addition, Defendants MSA and W.W. Grainger failed to provide adequate warnings and/or instructions for use to users such as Plaintiff herein.

33. Defendants knew or should have known that the end users of the "Workman Rescuer" were unfamiliar with its inherent dangers, and therefore had a duty to ensure that it was safely designed, and that all foreseeable risks were eliminated, guarded against and/or warned about.

34. The subject "Workman Rescuer" was defective, unreasonably dangerous and unsafe because it utilized a design that could fail, suddenly and without warning, during normal and foreseeable use causing severe injury and/or death to the user.

35. The subject "Workman Rescuer" was defective because it presented a danger to the consumer beyond which would be reasonably expected.

36. The subject "Workman Rescuer" was defective because a reasonable alternative design was available at the time it was designed, and the benefits of the alternative design outweighed the costs associated with that design.

37. The subject "Workman Rescuer" was defective because it lacked the necessary elements to make it safe and/or contained elements that made it unsafe.

38. The subject "Workman Rescuer" was defective and unreasonably dangerous because, when used in a normal, intended and foreseeable manner, it presented and unknowable and unacceptable danger to the average user, such as Plaintiff.

39. The subject "Workman Rescuer" was defective and unreasonably dangerous because it lacked adequate safeguards, instructions, warnings and/or protective devices.

40. The subject "Workman Rescuer" was defective and unreasonably dangerous as set forth herein, and those defect(s) caused Plaintiff A. Murillo's injuries, and such defect(s) existed at the time the product left Defendants' control.

41. The subject "Workman Rescuer" was defective and unreasonably dangerous because it:

    a.    Failed to incorporate an alternative safer design and/or other guards or devices to minimize the risk of

failure and/or injury during normal and foreseeable use;

b. Did not have an adequate safety factor for locking while the user was descending, causing it to fail during reasonable and foreseeable use;

c. Presented and unreasonable risk of harm due to its propensity to catastrophically fail due to the failure to incorporate an alternative design to prevent uncontrolled falling by the user while descending;

d. Failed to warn users, employers and others about the dangers associated with the "Workman Rescuer";

e. Failed to warn users, employers and others about the dangers associated with the "Workman Rescuer" failing during normal and foreseeable use;

f. Was designed in such a manner that it presented an unnecessary risk of failure;

g. Failed to incorporate a safer design, which was available at the time of design and/or manufacture;

h. Was not properly manufactured, tested, and/or inspected to discover latent manufacturing defects;

i. Failed during normal and foreseeable use and, after eliminating all other possible causes, must have failed due to a manufacturing defect under the doctrine of *res ipsa loquitor*;

j. Malfunctioned as defined by Arizona law as there is circumstantial evidence that the "Workman Rescuer" had a defect, and even if the defect cannot be identified, the circumstantial evidence eliminates abnormal use and/or reasonable secondary causes, and such defects existed at the time the "Workman Rescuer" left the Defendants' control, and therefore an inference exists that the "Workman Rescuer" failed due to a defect;

9

k.   Was defectively manufactured and contained a manufacturing defect or defects that was/were the proximate cause of the aforesaid incident; and

l.   Failing to comply with applicable government and industry standard, statutes, regulations, codes and guidelines.

42. The "Workman Rescuer" was defective and unreasonably dangerous as set forth herein, and those defect(s) caused Plaintiff A. Murillo's injuries, and said defects existed at the time the "Workman Rescuer" left the Defendants' control.

43. As a direct, factual and proximate result of the defective and unreasonably dangerous conditions and/or malfunction of the "Workman Rescuer", Defendants are strictly liable for Plaintiffs' injuries and damages pursuant to the Restatement (Second) of Torts §402A.

44. As a direct, substantial and factual cause of the dangerous and defective nature of the "Workman Rescuer", Plaintiff A. Murillo suffered injuries, damages and losses as set forth more fully above and incorporated herein by reference.

## COUNT II: NEGLIGENCE
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

45. The allegations of paragraphs 1 through 44 of this Complaint are incorporated herein by reference.

46. At all times material hereto, Defendants, individually and/or collectively, owed Plaintiff A. Murillo a duty to act in a reasonable manner and to refrain from placing the safety, wellbeing, health and life of Plaintiff in jeopardy.

47. At all times material hereto, Defendants, MSA, together and/or individually, designed, manufactured, tested, sold, imported, inspected, marketed, warranted and/or distributed the "Workman Rescuer" and/or placed it into the stream of commerce.

48. At all times material hereto, Defendant, W.W. Grainger, Inc., inspected, tested, marketed, warranted, distributed and/or sold the "Workman Rescuer" to Plaintiff A. Murillo's employer.

49. All Defendants, individually and collectively, breached the duties they owed to the Plaintiff A. Murillo, and Plaintiff was caused to suffer injuries due to the negligence of Defendants, individually and collectively, acting by and through their respective officers, directors, agents, servants, franchisees, franchisors, sales force, successors and/or employees in each of the following ways:

    a.   Designing, manufacturing, distributing, supplying, importing and/or selling a defective and unreasonably dangerous "Workman Rescuer";

    b.   Failing to incorporate an alternative and safer design and/or other devices to minimize the risk of failure and/or injury during use of the "Workman Rescuer";

    c.   Failing to warn users, employers, and others about the hidden dangers and risks associated with the "Workman Rescuer", including the propensity of the "Workman Rescuer" to fail to lock and cause the user to descend uncontrollably;

    d.   Negligently and carelessly designing, manufacturing, distributing, supplying, importing and/or selling the "Workman Rescuer" without adequate instructions, warnings, safeguards and/or protective devices;

    e.   Selling the "Workman Rescuer" when the Defendants knew or should have known that it had a high propensity to fail;

11

1

2        f.      Selling the "Workman Rescuer" with an outmoded,
                 dangerously defective design that can catastrophically
3                fail;

4        g.      Failing to warn or instruct end users of the "Workman
                 Rescuer" of the inherent dangers of its design;
5

6        h.      Designing, manufacturing, distributing and/or selling a
                 "Workman Rescuer" that does not have a proper design
7                to prevent against catastrophic failure during normal
                 and foreseeable use;
8

9        i.      Designing, manufacturing, distributing and/or selling a
                 "Workman Rescuer" that would catastrophically fail
10               during normal and foreseeable use;

11       j.      Designing, manufacturing, distributing and/or selling a
                 "Workman Rescuer" that presented an unknown and
12               unjustifiable risk during normal and foreseeable use;

13
         k.      Failing to equip the "Workman Rescuer" with a safe
14               alternative design, which was available at the time of its
                 design, that would prevent the "Workman Rescuer"
15               from catastrophically failing and cause the user to
                 descend uncontrollably during normal and foreseeable
16               use;

17
         l.      Negligently    and    carelessly    failing    to    design,
18               manufacture, distribute, test, inspect, supply and/or sell
                 the "Workman Rescuer" in accordance with applicable
19               government guidelines, industry standard, regulations
                 and codes;
20

21       m.      Failing to comply with the risk-benefit standard of care;
                 and
22

23       n.      Failing to comply with the consumer expectation
24               standard of care.

25   50.   The negligence and carelessness of the Defendants, individually and/or

26   collectively, was the factual, legal and substantial cause of Plaintiff A. Murillo's

27

28

                                          12

injuries, damages and losses as set forth more fully above and incorporated herein by reference.

## COUNT III: *RES IPSA LOQUITUR*
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

51. The allegations of paragraphs 1 through 50 of this Complaint are incorporated herein by reference.

52. In the alternative, in the event Plaintiff is unable to show the particular circumstances which caused the offending fall arrestor device to fail causing Plaintiff's injury, Plaintiff alleges that the Defendants were individually and/or collectively negligent in causing the subject incident to occur as it would not have ordinarily occurred absent negligence. The offending cable was at all times under the exclusive control of the Defendants whereby said Defendants, pursuant to the doctrine of *res ipsa loquitur,* breached their individual and/or collective duties to Plaintiff causing him injuries and damages. The negligence inferred by and through the application of *res ipsa loquitur* includes, but is not limited to, the failure to properly manufactured, tested, inspected, the subject product as well as properly maintain and monitor the fall arrestor device.

53. The negligence and carelessness of the Defendants, individually and/or collectively, was the factual, legal and substantial cause of Plaintiff A. Murillo's injuries, damages and losses as set forth more fully above and incorporated herein by reference.

13

## COUNT IV: BREACH OF EXPRESS WARRANTIES
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

54. The allegations of paragraphs 1 through 53 of this Complaint are incorporated herein by reference.

55. Defendants expressly warranted that the "Workman Rescuer" was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was designed and sold.

56. The "Workman Rescuer" was unfit, unsafe, not merchantable and not fit for its particular purpose for reasons that are set forth in the previous counts and incorporated herein.

57. Defendants made affirmations of fact and/or promises to Plaintiff A. Murillo and/or his employer related to the "Workman Rescuer" which were part of the basis of the bargain for the "Workman Rescuer".

58. Defendants provided a description of the "Workman Rescuer" to Plaintiff A. Murillo and/or his employer which was made part of the basis of the bargain for the "Workman Rescuer" that warranted that the "Workman Rescuer" would conform to said description.

59. Defendants breached these express warranties as the "Workman Rescuer" was unfit, unsafe, not merchantable, not fit for its particular purpose, did not perform in conformance with the affirmations of fact and/or promises made by Defendants, and did not conform to the description provided by Defendant for reasons that are set forth in the previous counts and incorporated herein.

60. As a result of the breach of express warranties by Defendants regarding the subject "Workman Rescuer", Plaintiff A. Murillo suffered injuries, damages and losses as set forth more fully above and incorporated herein by reference.

## COUNT V:  LOSS OF CONSORTIUM
## ARACELY VASQUEZ RIVERA v. DEFENDANTD

61. The allegations of paragraphs 1 through 60 of this Complaint are incorporated herein by reference.

62. At all relevant times, Plaintiff Aracely Vasquez Rivera was and is the wife of Plaintiff A. Murillo.

63. By reason of the aforesaid acts and/or omissions of negligence and/or carelessness of the Defendants, Plaintiff Aracely Vasquez Rivera has been deprived of the society, comfort, companionship and services of Plaintiff A. Murillo, and such deprivation will continue in the future, all of which has been and will continue to be to her financial and emotional detriment and loss.

64. By reason of the aforesaid acts and/or omissions of negligence and/or carelessness of the Defendants, Plaintiff Aracely Vasquez Rivera has incurred and/or may incur various expenses and may in the future be obliged to spend various sums for medicine and medical treatment in an attempt to treat and cure her husband, Plaintiff A. Murillo.

1

## DAMAGES

2

3   65. The allegations of paragraphs 1 through 64 of this Complaint are incorporated

4   herein by reference.

5   66. The breaches of duties owed to Plaintiff A. Murillo by Defendants, including,

6   but not limited to, designing, manufacturing, selling, marketing, importing, distributing

7   and/or testing a defective "Workman Rescuer", negligence, and breach of express

8   warranties were the direct, factual and proximate cause of the following recoverable

9

10  damages under Arizona law:

11          a.  The reasonable and necessary medical treatment provided to Plaintiff;

12          b.  Past lost wages;

13
            c.  The nature, extent and duration of the injury including disfigurement;
14

15          d.  Pain and suffering;

16          e.  Loss of earning capacity;

17          f.  Loss of future wages;

18
            g.  Loss of fringe benefits;
19

20          h.  Future medical care;

21          i.  Emotional distress;

22          j.  Aggravating circumstances attending the injury;
23

24          k.  Punitive damages;

25          l.  Pre- and post-judgment interest; and

26          m.  Any other losses and damages sustained and allowable under law
                including costs and attorneys' fees.
27

28

16

67. Defendants, individually and/or collectively, consciously pursued a course of conduct knowing they created a substantial risk of significant harm to others. Such conduct shows a wanton disregard for public safety and elevation of profits over public safety so egregious that an evil mind can be inferred. As such, Plaintiff is entitled to an award of punitive damages against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Adalberto Murillo Garcia and Aracely Vasquez Rivera, husband and wife, individually and on behalf on their minor children, Christian A. Murillo, Bryant Murillo and Joshua A. Murillo, respectfully request that this Honorable Court enter judgment in their favor, and award the damages sought herein and such other and further relief as may appear proper and just.

Respectfully submitted,

**CRUZ & ASSOCIATES, P.C.**

/S/ Jason A. Harris
Jason Harris, Esq.
1212 E. Osborn Road
Phoenix, AZ 85014
*Attorney for Plaintiffs*

17

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
D. Charbagi, Deputy
11/8/2019 8:00:00 AM
Filing ID 11069112

1
Jason A. Harris (Bar No. 024412)
**Cruz and Associates, P.C.**
2
1212 E. Osborn Rd.
Phoenix, AZ 85014
3
Jharris@cruzfirm.com
602-396-5615
4
*Attorneys for Plaintiffs*

5

6            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                 IN AND FOR THE COUNTY OF MARICOPA

8

9
ADALBERTO MURILLO GARCIA, and        )   CASE NO.: CV2019-010152
ARACELY VASQUEZ RIVERA, as husband   )
10
and wife, individually and on behalf of their )
minor children CHRISTIAN A. MURILLO, )
11
BRYANT MURILLO, and JOSHUA A.        )
12
MURILLO.                              )   ORDER APPROVING MOTIONS' TO
                                      )   AMEND COMPLAINT AND TO EXTEND
13
        PLAINTIFFS,                    )   TIME FOR SERVICE OF PROCESS
                                      )
14
        VS.                           )
                                      )
15
MINE SAFETY APPLIANCES COMPANY,      )
16
a business corporation; MINE SAFETY  )
APPLIANCES COMPANY, LLC, a foreign   )
17
limited liability company; W.W. GRAINGER )
18
INC., a foreign corporation; DOES I-V; JOHN )
and JANE DOES I-X; BLACK and WHITE   )
19
CORPORATIONS I-X; and BLACK and      )
WHITE PARTNERSHIPS I-X.              )
20
                                      )
21                                    )
        DEFENDANTS.
22
_____
23
    This Court, having received the Plaintiffs' Motions' to Amend Complaint And To Extend
24
Time For Service Of Process, and their being good cause to do such, hereby ORDERS that
25
Plaintiffs' counsel be permitted to file their 1st Amended Complaint within 20 days of receipt of
26
this Order. It is further ORDERED that Plaintiffs have until February 5th 2020 to effectuate service.
27
28
//

1

DATED THIS _____ day of November 2019.

_____
The Honorable Rosa Mroz
Maricopa Superior Court Judge

Original of the Foregoing
*E-filed* this __ day of November 2019 with:

Maricopa Superior Court

Copy of the forgoing mailed to:

Jason A. Harris, Esq.
CRUZ & ASSOCIATES
1212 E Osborn Rd.
Phoenix, AZ 85014

_____

2

# eSignature Page 1 of 1

Filing ID: 11069112   Case Number: CV2019-010152
Original Filing ID: 11059363

**Granted as Submitted**



/S/ Rosa Mroz Date: 11/7/2019

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2019-010152          SIGNATURE DATE: 11/7/2019

E-FILING ID #: 11069112               FILED DATE: 11/8/2019 8:00:00 AM

JASON A HARRIS

BRYANT MURILLO
NO ADDRESS ON RECORD

CHRISTIAN A MURILLO
NO ADDRESS ON RECORD

JOSHUA A MURILLO
NO ADDRESS ON RECORD

MINE SAFETY APPLIANCES COMPANY
NO ADDRESS ON RECORD

MINE SAFETY APPLIANCES COMPANY L L C
NO ADDRESS ON RECORD

W W GRAINGER INC
NO ADDRESS ON RECORD

1   CRUZ & ASSOCIATES, P.C.
    Jason Harris, Esq.
2   Arizona State Bar No. 024412
    1212 E. Osborn Road
3   Phoenix, AZ 85014
    Telephone:  (602) 777-6666
4   jharris@cruzfirm.com
    *Attorney for Plaintiffs*
5

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7               **IN AND FOR THE COUNTY OF MARICOPA**

8   ADALBERTO MURILLO GARCIA, and     | Case No. CV 2019-010152
    ARACELY VASQUEZ RIVERA, as
9   husband and wife, individually and on      **1st AMENDED COMPLAINT**
    behalf of their minor children            **(Negligence - Product Liability)**
10  CHRISTIAN A. MURILLO, BRYANT
    MURILLO, AND JOSHUA A.
11  MURILLO,                                        (Tier 3)
12
13                  Plaintiffs,
14  vs.
15
    MINE SAFETY APPLIANCES
16  COMPANY, a business corporation;
    MINE SAFETY APPLIANCES
17  COMPANY, LLC, a foreign limited
    liability company; W.W. GRAINGER,
18  INC. a foreign corporation; DOES I-V;
    JOHN and JANE DOES I-X; BLACK and
19  WHITE CORPORATIONS I-X; and
    BLACK and WHITE PARTNERSHIPS I-
20  X.
21
22                  Defendants.
23
        Plaintiffs, Adalberto Murillo Garcia, Aracely Vasquez Rivera, Christian A.
24
25  Murillo, Bryant Murillo, and Joshua A. Murillo ("Plaintiffs"), by and through counsel
26  undersigned, allege the following for their Amended Complaint against Defendants:
27
28

**PARTIES**

1.  Plaintiffs are at all times relevant to this Complaint resident of Maricopa County, Arizona.

2.  Defendant MINE SAFETY APPLIANCES COMPANY is at all times relevant to this Complaint, a corporation doing business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

3.  Defendant MINE SAFETY APPLIANCES COMPANY, LLC is at all times relevant to this Complaint, a foreign limited liability company licensed to do business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

4.  Defendant W.W. GRAINGER, INC., is at all times relevant to this Complaint, a foreign corporation licensed to do business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

5.  Defendants, DOES I-V, are at all times relevant to this Complaint residents of the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names as needed.

6.  Defendants, JOHN and JANE DOES, I-X, are at all times relevant to this Complaint residents of the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names as needed.

7.  Defendants, BLACK and WHITE CORPORATIONS, I-X, are at all times relevant to this Complaint, corporations incorporated in the State of Arizona, with their

2

primary places of operations in the State of Arizona, County of Maricopa. Plaintiff will

seek leave of the Court to add or amend their true names.

8.  Defendants, BLACK and WHITE PARTNERSHIPS, I-X are subject to personal

jurisdiction. Plaintiff will seek leave of the Court to add or amend their true names as

needed.

## JURISDICTION

9.  All acts or omissions relevant to this Complaint took place in Maricopa County,

Arizona.

10. Venue in this matter is proper pursuant to A.R.S. § 12-401.

11. This Court has jurisdiction over Defendant, Mine Safety Appliances Company,

under AZ ST RCP R. 4.2 as Mine Safety Appliances Company routinely and

systematically transacts business in Arizona generally, and Maricopa County

specifically, through the importation, design, manufacturing, marketing, selling, testing,

inspecting and/or the distribution of industrial safety equipment.

12.  This Court has jurisdiction over Defendant, Mine Safety Appliances Company,

LLC, under AZ ST RCP R. 4.2 as Mine Safety Appliances Company, LLC, routinely

and systematically transacts business in Arizona generally, and Maricopa County

specifically, through the importation, design, manufacturing, marketing, selling, testing,

inspecting and/or the distribution of industrial safety equipment.

13. This Court has jurisdiction over Defendant, W.W. Grainger, Inc., under AZ ST

RCP R. 4.2 as W.W. Grainger, Inc., routinely and systematically transacts business in

Arizona generally, and Maricopa County specifically, through the importation, design,

manufacturing, marketing, selling, testing, inspecting and/or the distribution of industrial safety equipment.

## DISCOVERY TIER

14. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign this case to:  Tier 3 = Actions claiming $300,000 or more in damages.

## GENERAL ALLEGATIONS

15.  On June 27, 2018, Plaintiff Adalberto Murillo Garcia ("Plaintiff A. Murillo"), was employed by Old Castle Precast, Inc. and was working during regular working hours in a confined space at or near N. 122nd Dr. & W. Blackstone Dr., Peoria, AZ 85383.   Plaintiff A. Murillo was setting up his work area so that he could begin doing his work to apply a type of preventative maintenance product, or "paste," to some joints between concrete piping located within the confined space.

16.  Plaintiff A. Murillo was wearing a safety harness and was tethered to a confined space entry system manufactured, designed, tested, inspected, marketed and/or distributed by Defendants that included a fall arrestor device believed to be an MSA #10158178 "Workman Rescuer" (hereinafter referred to as "Workman Rescuer").

17. Defendant W.W. Grainger sold the space entry system, including the "Workman Rescuer", to Plaintiff A. Murillo's employer, or its affiliate company on or about 6/5/2017.

4

18. Defendants represented that the "Workman Rescuer" was new, unused and of merchantable quality, free from defect.

19. At all times material hereto, all Defendants, through their respective officers, employees, directors, trade groups, successors, predecessors, servants, franchisees, franchisors, trade names, distributors, sales forces and/or agents of any and all other types, were in the business of designing, supplying, manufacturing, testing, distributing and/or warranting industrial safety equipment, or were the corporate successors thereto.

20. After Plaintiff A. Murillo was lowered into the confined space, he began assembling a work platform that he intended to stand on while performing his labors.

21. Suddenly, Plaintiff A. Murillo slipped and began falling towards the bottom of the confined space approximately fifteen feet below. He was unable to grip anything to prevent himself from falling.

22. Plaintiff A. Murillo expected the "Workman Rescuer" fall arrestor device would engage and "lock" to prevent him from falling more than a few inches. Instead, the "Workman Rescuer" never locked, and Plaintiff A. Murillo fell all the way down to the floor of the confined space.

23. As a direct, substantial and factual cause of the negligence of Defendants, and the dangerous and defective nature of the "Workman Rescuer", Plaintiff A. Murillo sustained serious and permanent injuries including, but not limited to, a left patella fracture, fractures of the left second, third and fourth metatarsals, left Lisfranc injury, malalignment of the left second metatarsal joint, left posterior tibial tendinitis, sprains

and strains, contusions, bruises and other injuries, some or all of which may be permanent in nature,

24. As a result of the aforesaid incident, Plaintiff A. Murillo has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities, and will continue to suffer the same for an indefinite time into the future.

25. As a further result of the aforesaid incident, Plaintiff A. Murillo has required and continues to require medical treatment in an about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time into the future.

26. As a further result of the aforesaid, Plaintiff A. Murillo has suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

## COUNT 1: STRICT PRODUCT LIABILITY
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

27. The allegations of paragraphs 1 through 26 of this Complaint are incorporated herein by reference.

28. Upon information and belief, Defendants Mine Safety Appliances Company and Mine Safety Appliances Company, LLC (collectively, "MSA") collectively and/or individually designed, manufactured, distributed, imported, sold, marketed, warranted and/or produced the "Workman Rescuer" that allegedly failed.

6

29. Upon information and belief, Defendant W.W. Grainger inspected, warranted, marketed, distributed, and/or sold the "Workman Rescuer" that allegedly failed.

30. Upon information and belief, Defendants were in the business of selling fall arrestor devices and confined space entry systems, including the "Workman Rescuer", and they brought or caused to be brought the above-described device into the stream of commerce in Arizona.

31. Defendants Does I-V, John and Jane Does, I-X, Black and White Corporations, I-X, and Black and White Partnerships, I-X may have participated in the design, manufacture, testing, inspection, warranty, marketing and/or sale of the subject fall arrestor device.

32. At the time Defendants MSA placed the subject fall arrestor device into the stream of commerce where it was acquired by Defendant W. W. Grainger, the subject physical fitness equipment was defective, unreasonably dangerous and unfit for its intended use and purposes because of its design, manufacture, testing, inspection, warranty, marketing, lack of warnings and proper installation. Thus, it was defective. In addition, Defendants MSA and W.W. Grainger failed to provide adequate warnings and/or instructions for use to users such as Plaintiff herein.

33. Defendants knew or should have known that the end users of the "Workman Rescuer" were unfamiliar with its inherent dangers, and therefore had a duty to ensure that it was safely designed, and that all foreseeable risks were eliminated, guarded against and/or warned about.

7

34. The subject "Workman Rescuer" was defective, unreasonably dangerous and unsafe because it utilized a design that could fail, suddenly and without warning, during normal and foreseeable use causing severe injury and/or death to the user.

35. The subject "Workman Rescuer" was defective because it presented a danger to the consumer beyond which would be reasonably expected.

36. The subject "Workman Rescuer" was defective because a reasonable alternative design was available at the time it was designed, and the benefits of the alternative design outweighed the costs associated with that design.

37. The subject "Workman Rescuer" was defective because it lacked the necessary elements to make it safe and/or contained elements that made it unsafe.

38. The subject "Workman Rescuer" was defective and unreasonably dangerous because, when used in a normal, intended and foreseeable manner, it presented and unknowable and unacceptable danger to the average user, such as Plaintiff.

39. The subject "Workman Rescuer" was defective and unreasonably dangerous because it lacked adequate safeguards, instructions, warnings and/or protective devices.

40. The subject "Workman Rescuer" was defective and unreasonably dangerous as set forth herein, and those defect(s) caused Plaintiff A. Murillo's injuries, and such defect(s) existed at the time the product left Defendants' control.

41. The subject "Workman Rescuer" was defective and unreasonably dangerous because it:

      a.    Failed to incorporate an alternative safer design and/or other guards or devices to minimize the risk of

failure and/or injury during normal and foreseeable use;

b.  Did not have an adequate safety factor for locking while the user was descending, causing it to fail during reasonable and foreseeable use;

c.  Presented and unreasonable risk of harm due to its propensity to catastrophically fail due to the failure to incorporate an alternative design to prevent uncontrolled falling by the user while descending;

d.  Failed to warn users, employers and others about the dangers associated with the "Workman Rescuer";

e.  Failed to warn users, employers and others about the dangers associated with the "Workman Rescuer" failing during normal and foreseeable use;

f.  Was designed in such a manner that it presented an unnecessary risk of failure;

g.  Failed to incorporate a safer design, which was available at the time of design and/or manufacture;

h.  Was not properly manufactured, tested, and/or inspected to discover latent manufacturing defects;

i.  Failed during normal and foreseeable use and, after eliminating all other possible causes, must have failed due to a manufacturing defect under the doctrine of *res ipsa loquitor*;

j.  Malfunctioned as defined by Arizona law as there is circumstantial evidence that the "Workman Rescuer" had a defect, and even if the defect cannot be identified, the circumstantial evidence eliminates abnormal use and/or reasonable secondary causes, and such defects existed at the time the "Workman Rescuer" left the Defendants' control, and therefore an inference exists that the "Workman Rescuer" failed due to a defect;

9

k.   Was defectively manufactured and contained a manufacturing defect or defects that was/were the proximate cause of the aforesaid incident; and

l.   Failing to comply with applicable government and industry standard, statutes, regulations, codes and guidelines.

42. The "Workman Rescuer" was defective and unreasonably dangerous as set forth herein, and those defect(s) caused Plaintiff A. Murillo's injuries, and said defects existed at the time the "Workman Rescuer" left the Defendants' control.

43. As a direct, factual and proximate result of the defective and unreasonably dangerous conditions and/or malfunction of the "Workman Rescuer", Defendants are strictly liable for Plaintiffs' injuries and damages pursuant to the Restatement (Second) of Torts §402A.

44. As a direct, substantial and factual cause of the dangerous and defective nature of the "Workman Rescuer", Plaintiff A. Murillo suffered injuries, damages and losses as set forth more fully above and incorporated herein by reference.

## COUNT II: NEGLIGENCE
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

45. The allegations of paragraphs 1 through 44 of this Complaint are incorporated herein by reference.

46. At all times material hereto, Defendants, individually and/or collectively, owed Plaintiff A. Murillo a duty to act in a reasonable manner and to refrain from placing the safety, wellbeing, health and life of Plaintiff in jeopardy.

10

47. At all times material hereto, Defendants, MSA, together and/or individually, designed, manufactured, tested, sold, imported, inspected, marketed, warranted and/or distributed the "Workman Rescuer" and/or placed it into the stream of commerce.

48. At all times material hereto, Defendant, W.W. Grainger, Inc., inspected, tested, marketed, warranted, distributed and/or sold the "Workman Rescuer" to Plaintiff A. Murillo's employer.

49. All Defendants, individually and collectively, breached the duties they owed to the Plaintiff A. Murillo, and Plaintiff was caused to suffer injuries due to the negligence of Defendants, individually and collectively, acting by and through their respective officers, directors, agents, servants, franchisees, franchisors, sales force, successors and/or employees in each of the following ways:

     a.    Designing, manufacturing, distributing, supplying, importing and/or selling a defective and unreasonably dangerous "Workman Rescuer";

     b.    Failing to incorporate an alternative and safer design and/or other devices to minimize the risk of failure and/or injury during use of the "Workman Rescuer";

     c.    Failing to warn users, employers, and others about the hidden dangers and risks associated with the "Workman Rescuer", including the propensity of the "Workman Rescuer" to fail to lock and cause the user to descend uncontrollably;

     d.    Negligently and carelessly designing, manufacturing, distributing, supplying, importing and/or selling the "Workman Rescuer" without adequate instructions, warnings, safeguards and/or protective devices;

     e.    Selling the "Workman Rescuer" when the Defendants knew or should have known that it had a high propensity to fail;

11

f.  Selling the "Workman Rescuer" with an outmoded, dangerously defective design that can catastrophically fail;

g.  Failing to warn or instruct end users of the "Workman Rescuer" of the inherent dangers of its design;

h.  Designing, manufacturing, distributing and/or selling a "Workman Rescuer" that does not have a proper design to prevent against catastrophic failure during normal and foreseeable use;

i.  Designing, manufacturing, distributing and/or selling a "Workman Rescuer" that would catastrophically fail during normal and foreseeable use;

j.  Designing, manufacturing, distributing and/or selling a "Workman Rescuer" that presented an unknown and unjustifiable risk during normal and foreseeable use;

k.  Failing to equip the "Workman Rescuer" with a safe alternative design, which was available at the time of its design, that would prevent the "Workman Rescuer" from catastrophically failing and cause the user to descend uncontrollably during normal and foreseeable use;

l.  Negligently and carelessly failing to design, manufacture, distribute, test, inspect, supply and/or sell the "Workman Rescuer" in accordance with applicable government guidelines, industry standard, regulations and codes;

m.  Failing to comply with the risk-benefit standard of care; and

n.  Failing to comply with the consumer expectation standard of care.

50. The negligence and carelessness of the Defendants, individually and/or collectively, was the factual, legal and substantial cause of Plaintiff A. Murillo's

injuries, damages and losses as set forth more fully above and incorporated herein by reference.

## COUNT III: *RES IPSA LOQUITUR*
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

51. The allegations of paragraphs 1 through 50 of this Complaint are incorporated herein by reference.

52. In the alternative, in the event Plaintiff is unable to show the particular circumstances which caused the offending fall arrestor device to fail causing Plaintiff's injury, Plaintiff alleges that the Defendants were individually and/or collectively negligent in causing the subject incident to occur as it would not have ordinarily occurred absent negligence. The offending cable was at all times under the exclusive control of the Defendants whereby said Defendants, pursuant to the doctrine of *res ipsa loquitur,* breached their individual and/or collective duties to Plaintiff causing him injuries and damages. The negligence inferred by and through the application of *res ipsa loquitur* includes, but is not limited to, the failure to properly manufactured, tested, inspected, the subject product as well as properly maintain and monitor the fall arrestor device.

53. The negligence and carelessness of the Defendants, individually and/or collectively, was the factual, legal and substantial cause of Plaintiff A. Murillo's injuries, damages and losses as set forth more fully above and incorporated herein by reference.

13

1
2

## COUNT IV: BREACH OF EXPRESS WARRANTIES
## ADALBERTO MURILLO GARCIA v. DEFENDANTS

3
4
5

54. The allegations of paragraphs 1 through 53 of this Complaint are incorporated herein by reference.

6
7
8
9

55. Defendants expressly warranted that the "Workman Rescuer" was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was designed and sold.

10
11
12
13

56. The "Workman Rescuer" was unfit, unsafe, not merchantable and not fit for its particular purpose for reasons that are set forth in the previous counts and incorporated herein.

14
15
16

57. Defendants made affirmations of fact and/or promises to Plaintiff A. Murillo and/or his employer related to the "Workman Rescuer" which were part of the basis of the bargain for the "Workman Rescuer".

17
18
19
20
21

58. Defendants provided a description of the "Workman Rescuer" to Plaintiff A. Murillo and/or his employer which was made part of the basis of the bargain for the "Workman Rescuer" that warranted that the "Workman Rescuer" would conform to said description.

22
23
24
25
26
27

59. Defendants breached these express warranties as the "Workman Rescuer" was unfit, unsafe, not merchantable, not fit for its particular purpose, did not perform in conformance with the affirmations of fact and/or promises made by Defendants, and did not conform to the description provided by Defendant for reasons that are set forth in the previous counts and incorporated herein.

28

14

60. As a result of the breach of express warranties by Defendants regarding the subject "Workman Rescuer", Plaintiff A. Murillo suffered injuries, damages and losses as set forth more fully above and incorporated herein by reference.

## COUNT V:  LOSS OF CONSORTIUM
### ARACELY VASQUEZ RIVERA v. DEFENDANTD

61. The allegations of paragraphs 1 through 60 of this Complaint are incorporated herein by reference.

62. At all relevant times, Plaintiff Aracely Vasquez Rivera was and is the wife of Plaintiff A. Murillo.

63. By reason of the aforesaid acts and/or omissions of negligence and/or carelessness of the Defendants, Plaintiff Aracely Vasquez Rivera has been deprived of the society, comfort, companionship and services of Plaintiff A. Murillo, and such deprivation will continue in the future, all of which has been and will continue to be to her financial and emotional detriment and loss.

64. By reason of the aforesaid acts and/or omissions of negligence and/or carelessness of the Defendants, Plaintiff Aracely Vasquez Rivera has incurred and/or may incur various expenses and may in the future be obliged to spend various sums for medicine and medical treatment in an attempt to treat and cure her husband, Plaintiff A. Murillo.

## DAMAGES

65. The allegations of paragraphs 1 through 64 of this Complaint are incorporated herein by reference.

66. The breaches of duties owed to Plaintiff A. Murillo by Defendants, including, but not limited to, designing, manufacturing, selling, marketing, importing, distributing and/or testing a defective "Workman Rescuer", negligence, and breach of express warranties were the direct, factual and proximate cause of the following recoverable damages under Arizona law:

     a.  The reasonable and necessary medical treatment provided to Plaintiff;

     b.  Past lost wages;

     c.  The nature, extent and duration of the injury including disfigurement;

     d.  Pain and suffering;

     e.  Loss of earning capacity;

     f.  Loss of future wages;

     g.  Loss of fringe benefits;

     h.  Future medical care;

     i.  Emotional distress;

     j.  Aggravating circumstances attending the injury;

     k.  Punitive damages;

     l.  Pre- and post-judgment interest; and

     m. Any other losses and damages sustained and allowable under law including costs and attorneys' fees.

67. Defendants, individually and/or collectively, consciously pursued a course of conduct knowing they created a substantial risk of significant harm to others. Such conduct shows a wanton disregard for public safety and elevation of profits over public safety so egregious that an evil mind can be inferred. As such, Plaintiff is entitled to an award of punitive damages against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Adalberto Murillo Garcia and Aracely Vasquez Rivera, husband and wife, individually and on behalf on their minor children, Christian A. Murillo, Bryant Murillo and Joshua A. Murillo, respectfully request that this Honorable Court enter judgment in their favor, and award the damages sought herein and such other and further relief as may appear proper and just.

Respectfully submitted,

**CRUZ & ASSOCIATES, P.C.**

/S/ Jason A. Harris
Jason Harris, Esq.
1212 E. Osborn Road
Phoenix, AZ 85014
*Attorney for Plaintiffs*

17

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
11/5/2019 10:29:00 AM
Filing ID 11059363

Jason A. Harris (Bar No. 024412)
**Cruz and Associates, P.C.**
1212 E. Osborn Rd.
Phoenix, AZ 85014
Jharris@cruzfirm.com
602-396-5615
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| ADALBERTO MURILLO GARCIA, and ARACELY VASQUEZ RIVERA, as husband and wife, individually and on behalf of their minor children CHRISTIAN A. MURILLO, BRYANT MURILLO, and JOSHUA A. MURILLO. <br><br> PLAINTIFFS, <br><br> VS. <br><br> MINE SAFETY APPLIANCES COMPANY, a business corporation; MINE SAFETY APPLIANCES COMPANY, LLC, a foreign limited liability company; W.W. GRAINGER INC., a foreign corporation; DOES I-V; JOHN and JANE DOES I-X; BLACK and WHITE CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS I-X. <br><br> DEFENDANTS. | CASE NO.: CV2019-010152 <br><br><br> UNCONTESTED MOTIONS' TO AMEND COMPLAINT AND TO EXTEND TIME FOR SERVICE OF PROCESS <br><br><br> (EXPEDITED RULING REQUESTED) |

Plaintiff, by and through counsel undersigned, moves the Court to allow an amendment to the Complaint in the above-reference matter and to extend time for service of process. None of the Defendants have been served, and no Defendant has retained counsel in this matter. A copy of the proposed First Amended Complaint is attached hereto as **Exhibit A**.

1

## FACTUAL BACKGROUND

1.  This action stems from a product liability / construction accident that occurred on June 27, 2018 in Maricopa County.

2.  This Court approved Substitution of Counsel last week.

3.  Undersigned Counsel has a Motion before The Court to amend the Complaint and to extend time for service of process.

4.  Plaintiffs intend to effectuate service after the Motion to Amend Complaint is approved, but may need more time, as the deadline to serve is December 24, 2019.

## ARGUMENT

A party's request to amend their pleadings is governed by *Arizona Rule of Civil Procedure* 15(a)(2) that permits amendment "by leave of court or by written consent of the adverse party."  The spirit of the rule is to allow amendment to be "freely given when justice requires."  *Id*.  *See also Owen v. Superior Court*, 133 Ariz. 75, 79 (1982) (stating that courts favor a trial on the merits).  Allowing amendments is discretionary, however, the courts have held that "amendment should be liberally granted unless the moving party has unduly delayed in making the request, the motion is in bad faith or for purposes of delay, or amendment would be futile."  *See State Compensation Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 125 (App. 1999) (reversing trial court's denial of leave to amend and noting that mere lateness and good cause were not the standards by which to evaluate such motions).  Rule 4(i), Arizona Rules of Civil Procedure provides that with

good cause showing, the Court shall extend the time for service for an appropriate period. Rule 6(b) also provides that the Court can extend the service deadline "for cause shown."

Here, the Plaintiffs have just retained undersigned counsel. No Defendant has been served, as we need to Amend the Complaint to add counts that were left out by prior counsel; the statute of limitations has not run. An additional ninety days is necessary to allow the amendment of the Complaint and to properly effectuate service. Plaintiffs believe good cause has been shown for this extension in time for service of process.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully urges this Court to grant Plaintiff's Motions' to Amended Complaint as attached in **Exhibit A** hereto and to extend the time to effectuate service by 90 days from the date of this motion.

**RESPECTFULLY SUBMITTED** this 5th day of November 2019.

CRUZ AND ASSOCIATES, P.C.

/S/ Jason A. Harris
Jason A. Harris, Esq.
Cruz & Associates, PC
1212 E Osborn Rd
Phoenix, AZ 85014
*Attorneys for Plaintiff*

Original of the Foregoing
*E-filed* this 5th day of November 2019 with:

Maricopa Superior Court

/S/ Jason Harris

3

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
D. Charbagi, Deputy
11/1/2019 8:00:00 AM
Filing ID 11043153

1 | Jason A. Harris (Bar No. 024412)
**Cruz and Associates, P.C.**
2 | 1212 E. Osborn Rd.
Phoenix, AZ 85014
3 | Jharris@cruzfirm.com
602-777-6666
4 | *Attorneys for Plaintiffs*

5

6 |                    IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 |                         IN AND FOR THE COUNTY OF MARICOPA

8

9 | ADALBERTO MURILLO GARCIA, and         )    CASE NO.: CV2019-010152
10 | ARACELY VAZQUEZ RIVERA, as husband   )
and wife, individually and on behalf of their )
11 | minor children CHRISTIAN A. MURILLO,  )
BRYANT MURILLO, and JOSHUA A.          )
12 | MURILLO.                              )    ORDER APPROVING SUBSTITUTION OF
                    PLAINTIFFS,           )                  COUNSEL
13 |                                        )
14 |          VS.                           )
                                          )
15 |                                        )
MINE SAFETY APPLIANCES COMPANY,        )
16 | a business corporation; MINE SAFETY   )
APPLIANCES COMPANY, LLC, a foreign      )
17 | limited liability company; W.W. GRAINGER )
INC., a foreign corporation; DOES I-V; JOHN )
18 | and JANE DOES I-X; BLACK and WHITE    )
CORPORATIONS I-X; and BLACK and         )
19 | WHITE PARTNERSHIPS I-X.               )
                                          )
20 |                                        )
                                          )
21 |          DEFENDANTS.                  )
                        _____
22

23 |          Pursuant to Ariz. R. Civ. P. 5.3(a), it is so Ordered that Jason A. Harris, from Cruz and

24 | Associates is the attorney of record in this matter and that previous counsel, Rodolfo Resendez Jr.

25 | is removed from this matter.

26 | //

27 | //

28 | //

It is so Ordered, this the _____ day of _____2019.

_____
The Honorable Rosa Mroz

Original of the foregoing filed this
___ day of _____ 2019 with:

Clerk of the Superior Court
Maricopa County

Copy of the foregoing mailed this
___ day of _____ 2019 to:

Jason A. Harris, Esq.
Cruz & Associates, PC
1212 E Osborn Rd.
Phoenix, AZ 85014

Rodolfo A. Resendez, Jr., Esq.
Resendez injury Law Group PLLC
531 E. Thomas Rd., Ste. 104
Phoenix, AZ 85012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

eSignature Page 1 of 1

Filing ID: 11043153   Case Number: CV2019-010152
Original Filing ID: 11037339

---

**Granted as Submitted**



/S/ Rosa Mroz Date: 10/30/2019
Judicial Officer of Superior Court

# ENDORSEMENT PAGE

CASE NUMBER: CV2019-010152                SIGNATURE DATE: 10/30/2019

E-FILING ID #: 11043153                          FILED DATE: 11/1/2019 8:00:00 AM

JASON A HARRIS

BRYANT MURILLO
NO ADDRESS ON RECORD

CHRISTIAN A MURILLO
NO ADDRESS ON RECORD

JOSHUA A MURILLO
NO ADDRESS ON RECORD

MINE SAFETY APPLIANCES COMPANY
NO ADDRESS ON RECORD

MINE SAFETY APPLIANCES COMPANY L L C
NO ADDRESS ON RECORD

W W GRAINGER INC
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
10/29/2019 1:41:00 PM
Filing ID 11037339

1   Jason A. Harris (Bar No. 024412)
    **Cruz and Associates, P.C.**
2   1212 E. Osborn Rd.
    Phoenix, AZ 85014
3   Jharris@cruzfirm.com
    602-777-6666
4   *Attorneys for Plaintiffs*

5

6              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                 IN AND FOR THE COUNTY OF MARICOPA

8

9
    ADALBERTO MURILLO GARCIA, and      )   CASE NO.: CV2019-010152
10  ARACELY VAZQUEZ RIVERA, as husband )
    and wife, individually and on behalf of their )
11  minor children CHRISTIAN A. MURILLO, )
    BRYANT MURILLO, and JOSHUA A.      )
12  MURILLO.                            )   APPLICATION FOR SUBSTITUTION OF
             PLAINTIFFS,                )              COUNSEL
13                                      )
             VS.                        )
14                                      )
15                                      )
    MINE SAFETY APPLIANCES COMPANY,     )
16  a business corporation; MINE SAFETY )
    APPLIANCES COMPANY, LLC, a foreign  )
17  limited liability company; W.W. GRAINGER )
    INC., a foreign corporation; DOES I-V; JOHN )
18  and JANE DOES I-X; BLACK and WHITE  )
    CORPORATIONS I-X; and BLACK and     )
19  WHITE PARTNERSHIPS I-X.             )
20                                      )
                                        )
21           DEFENDANTS.                )

22

23          Pursuant to Ariz. R. Civ. P. 5.3(a), undersigned counsel hereby asks the court to substitute

24  Jason A Harris, from Cruz and Associates as attorney of record for the above captioned case. This

25  would remove Rodolfo Resendez Jr. as attorney of record.   This application is supported by the

26  Plaintiffs in this action; their consent and approval is acknowledged by their signatures below.

27

28  //

                                        1

1

2 _____
   ADALBERTO MURILLO GARCIA

3

4 _____
   ARACELY VAZQUEZ RIVERA

5

6

7 Respectfully submitted this the _29_ day of October 2019.

8

9                                    CRUZ AND ASSOCIATES, P.C.

10

11

12                                    Jason A. Harris , Esq.
                                      *Attorney for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
D. Charbagi, Deputy
9/16/2019 8:00:00 AM
Filing ID 10875728

1   Rodolfo A. Resendez Jr. – 016717
2   **RESENDEZ INJURY LAW GROUP PLLC**
    531 E. Thomas Rd., Ste. 104
3   Phoenix, Arizona 85012
    Telephone: (602) 824-9444
4   Fax: (602) 428-6868
    Rudy@RResendez.com
5
    *Attorney for Plaintiffs*
6

7             **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8               **IN AND FOR THE COUNTY OF MARICOPA**

9

10  ADALBERTO MURILLO GARCIA, and         **Case No.** CV2019-010152
    ARACELY VASQUEZ RIVERA, as
11  husband and wife, individually and on
    behalf of their minor children
12  CHRISTIAN A. MURILLO, BRYANT           **ORDER EXTENDING TIME TO**
    MURILLO, AND JOSHUA A.                 **SERVE COMPLAINT**
13  MURILLO,
14
                    Plaintiffs,
15                                         (Assigned to the Hon. Rosa Mroz)
    vs.
16
17  MINE SAFETY APPLIANCES
    COMPANY, a business corporation;
18  MINE SAFETY APPLIANCES
    COMPANY, LLC, a foreign limited
19  liability company; W.W. GRAINGER,
    INC. a foreign corporation; DOES I-V;
20  JOHN and JANE DOES I-X; BLACK and
    WHITE CORPORATIONS I-X; and
21  BLACK and WHITE PARTNERSHIPS I-
    X.
22
23
                    Defendants.
24

25          Pursuant to the foregoing Motion, it is ordered that Plaintiff's Motion to Extend
26
27  Time to Serve Defendants is extended for an additional period of ninety (90) days until
28  December 24, 2019.

1

DATED THIS _____ day of _____, 2019.

2

3

4
_____
The Honorable Rosa Mroz
5
Maricopa Superior Court Judge

6

7
Original of the foregoing filed this
_____ day of _____2019, with:

8

9
Clerk of the Superior Court

10
The Honorable Rosa Mroz
11
Maricopa Superior Court

12
Rodolfo A. Resendez, Jr., Esq.
13
Resendez Injury Law Group PLLC
531 E. Thomas Rd., Ste. 104
14
Phoenix, AZ 85012

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# eSignature Page 1 of 1

Filing ID: 10875728   Case Number: CV2019-010152
Original Filing ID: 10860299

Granted as Submitted

 /S/ Rosa Mroz Date: 9/12/2019

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2019-010152                    SIGNATURE DATE: 9/12/2019

E-FILING ID #: 10875728                          FILED DATE: 9/16/2019 8:00:00 AM

RODOLFO A RESENDEZ JR.

BRYANT MURILLO
NO ADDRESS ON RECORD

CHRISTIAN A MURILLO
NO ADDRESS ON RECORD

JOSHUA A MURILLO
NO ADDRESS ON RECORD

MINE SAFETY APPLIANCES COMPANY
NO ADDRESS ON RECORD

MINE SAFETY APPLIANCES COMPANY L L C
NO ADDRESS ON RECORD

W W GRAINGER INC
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
9/9/2019 3:34:00 PM
Filing ID 10860299

1   Rodolfo A. Resendez Jr. – 016717
2   **RESENDEZ INJURY LAW GROUP PLLC**
    531 E. Thomas Rd., Ste. 104
3   Phoenix, Arizona 85012
    Telephone: (602) 824-9444
4   Fax: (602) 428-6868
    Rudy@RResendez.com
5
    *Attorney for Plaintiffs*
6

7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9

10  ADALBERTO MURILLO GARCIA, and          **Case No.** CV2019-010152
    ARACELY VASQUEZ RIVERA, as
11  husband and wife, individually and on
    behalf of their minor children
12  CHRISTIAN A. MURILLO, BRYANT           **1ST MOTION TO EXTEND TIME
    MURILLO, AND JOSHUA A.                   TO SERVE COMPLAINT**
13  MURILLO,
14
                    Plaintiffs,
15                                          (Assigned to the Hon. Rosa Mroz)
    vs.
16
17  MINE SAFETY APPLIANCES
    COMPANY, a business corporation;
18  MINE SAFETY APPLIANCES
    COMPANY, LLC, a foreign limited
19  liability company; W.W. GRAINGER,
    INC. a foreign corporation; DOES I-V;
20  JOHN and JANE DOES I-X; BLACK and
    WHITE CORPORATIONS I-X; and
21  BLACK and WHITE PARTNERSHIPS I-
    X.
22
23
24                  Defendants.

25      Plaintiffs, Adalberto Murillo Garcia, Aracely Vasquez Rivera, Christian A. Murillo,

26  Bryant Murillo, and Joshua A, Murillo (hereinafter, "Plaintiffs"), pursuant to Rule 6(b),

27  Ariz.R.Civ.P., move for an order extending the time within which to complete service of

28

1    Plaintiff's complaint on Defendants Mine Safety Appliances Company, Mine Safety Appliances

2    Company, LLC., and W.W. Grainger Inc. (hereinafter, "Defendants").  Specifically, Plaintiffs

3    request an additional ninety (90) days within which to complete service of Plaintiff's complaint

4    upon Defendants.  The current date by which Plaintiff must effect service as prescribed by Rule

5    4(i), Ariz.R.Civ.P., expires on September 25, 2019.  **Plaintiff respectfully requests that the**

6    **deadline be extended until December 24, 2019**.

7

8        This case arises from an alleged slip and fall incident (hereinafter, "incident") that

9    plaintiff Adalberto Murillo Garcia (hereinafter, "Plaintiff A. Murillo"), suffered on June 27,

10   2018. Plaintiffs filed their complaint against defendants on June 27, 2019, in order to preserve

11   the one-year deadline related to the assignment of workers' compensation claims.  Plaintiff A.

12   Murillo is still receiving medical treatment for incident-related injuries.

13

14       The extension, if granted, will provide additional time for Plaintiff A. Murillo to

15   possibly complete his treatment for his alleged incident-related injuries, and may enable the

16   parties to settle this matter without engaging this Court in further litigation-related activities

17   that may be unnecessary.  Should those negotiations fail to result in an amicable settlement

18   precluding the need for further litigation, the extension as requested will allow sufficient time

19   for Plaintiffs to serve defendants and continue with the litigation of Plaintiff's claim.

20       RESPECTFULLY SUBMITTED this 9th Day of September 2019.

21
                        **RESENDEZ INJURY LAW GROUP PLLC**
22

23                        /s/Rodolfo A. Resendez Jr., Esq.
                           531 E. Thomas Rd., Ste. 104
24                         Phoenix, Arizona 85012
                           *Attorney for Plaintiffs*
25

26

27   Original of the foregoing filed
     this 9th Day of September 2019, with:
28

2

1

Clerk of the Superior Court
101 W. Jefferson
Phoenix, AZ 85003

2

3

Honorable Rosa Mroz
101 W. Jefferson St. ECB-414
Phoenix, AZ 85003

4

5

By:  Janet Valdez/s/

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
09/04/2019
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

08/31/2019

COURT ADMINISTRATION

**Case Number:** CV2019-010152

**Adalberto Murillo Garcia**

**v.**

**Mine Safety Appliances Company**

---

The Judge assigned to this action is the Honorable Rosa Mroz

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 06/27/2019 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 09/25/2019. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

Superior Court of Maricopa County - integrated Court Information System
**Endorsee Party Listing**
Case Number: CV2019-010152

| Party Name | Attorney Name | |
|---|---|---|
| Adalberto Murillo Garcia | Rodolfo A Resendez Jr. | Bar ID: 016717 |
| Aracely Vasquez Rivera | Rodolfo A Resendez Jr. | Bar ID: 016717 |



CLERK OF THE
SUPERIOR COURT
FILED
M. PATTERSON, DEP

2019 JUN 27 AM 11:57

1   Rodolfo A. Resendez Jr. – 016717
    **RESENDEZ INJURY LAW GROUP PLLC**
2   531 E. Thomas Rd. Ste. 104
    Phoenix, Arizona 85012
3   Telephone: (602) 824-9444
    Fax: (602) 428-6868
4   Rudy@RResendez.com

5   *Attorney for Plaintiffs*

6           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7           **IN AND FOR THE COUNTY OF MARICOPA**

8
    ADALBERTO MURILLO GARCIA, and          Case No. CV 2019-010152
9   ARACELY VASQUEZ RIVERA, as
    husband and wife, individually and on   **PLAINTIFF'S DEMAND FOR**
10  behalf of their minor children                    **JURY TRIAL**
    CHRISTIAN A. MURILLO, BRYANT              **(Tort–Motor Vehicle)**
11  MURILLO, AND JOSHUA A.
    MURILLO,
12
13              Plaintiffs,
14
    vs.
15
16  MINE SAFETY APPLIANCES
    COMPANY, a business corporation;
17  MINE SAFETY APPLIANCES
    COMPANY, LLC, a foreign limited
18  liability company; W.W. GRAINGER,
    INC. a foreign corporation; DOES I-V;
19  JOHN and JANE DOES I-X; BLACK and
    WHITE CORPORATIONS I-X; and
20  BLACK and WHITE PARTNERSHIPS I-
    X.
21
22              Defendants.
23

24          Plaintiffs, demands a trial by jury in this case.  If this case is sent to compulsory

25  arbitration, Plaintiffs demands a trial by jury if there is an appeal from that compulsory

26  arbitration.

27

28

Dated this _21_ day of _June_ 2019.

RESENDEZ INJURY LAW GROUP PLLC

Rodolfo A. Resendez Jr., Esq.
531 E. Thomas Rd., Ste. 104
Phoenix, AZ 85012
*Attorney for Plaintiffs*

1
Rodolfo A. Resendez Jr. – 016717
**RESENDEZ INJURY LAW GROUP PLLC**
2
531 E. Thomas Rd. Ste. 104
Phoenix, Arizona 85012
3
Telephone: (602) 824-9444
Fax: (602) 428-6868
4
Rudy@RResendez.com

5
*Attorney for Plaintiffs*

6
### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7
### IN AND FOR THE COUNTY OF MARICOPA

8
CV 2019-010152

ADALBERTO MURILLO GARCIA, and
9
ARACELY VASQUEZ RIVERA, as          Case No.
husband and wife, individually and on
10
behalf of their minor children
CHRISTIAN A. MURILLO, BRYANT          **CERTIFICATE OF**
11
MURILLO, AND JOSHUA A.                **ARBITRATION**
MURILLO,                              **(Tort–Motor Vehicle)**
12

13
                  Plaintiffs,
14
vs.
15
16
MINE SAFETY APPLIANCES
COMPANY, a business corporation;
17
MINE SAFETY APPLIANCES
COMPANY, LLC, a foreign limited
18
liability company; W.W. GRAINGER,
INC. a foreign corporation; DOES I-V;
19
JOHN and JANE DOES I-X; BLACK and
WHITE CORPORATIONS I-X; and
20
BLACK and WHITE PARTNERSHIPS I-
21
X.
22
                  Defendants.
23

24      Plaintiffs certify that they know the dollar limits and other limitations set forth by

25 the Local Rules of this Superior Court, and further certifies that this case **IS NOT**

26 subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona

27 Rules of Civil Procedure.

28

1 Dated this 27th Day of _____ June _____ 2019.

2

3     **RESENDEZ INJURY LAW GROUP PLLC**

4

5     Rodolfo A. Resendez Jr., Esq.

6     531 E. Thomas Rd., Ste. 104
     Phoenix, AZ 85012

7     *Attorney for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In the Superior Court of the State of Arizona
in and for the County of  MARICOPA

C

# CV2019-010152

CIVIL COVER SHEET - NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney  **Rodolfo A. Resendez**

Attorney Bar Number **016717**

CLERK OF THE
SUPERIOR COURT

Is Interpreter Needed?  ☒ Yes  ☐ No
If yes, what language: Spanish

2019 JUN 27  AM II: 52

| Plaintiffs Name(s):  (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| **Adalberto Murillo Garcia** | **C/O Resendez Injury Law** | **602-824-9444** | **Rudy@RResendez.com** |
| **Aracely Vasquez Rivera** | **531 E. Thomas Rd., Ste. 104 Phoenix, Arizona 85012** | | |

**Christian A. Murillo, Bryant Murillo, and Joshua A. Murillo**
(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

**Mine Safety Appliances Company, Mine Safety Appliances, LLC, and W.W. Grainger, Inc.**

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☒ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)

Case No._____

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
   (Specify)

**RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:**
(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____      ☐ Tier 1      ☐ Tier 2      ☒ Tier 3

**EMERGENCY ORDER SOUGHT**

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge
☐ Employer Sanction              ☐ Other (Specify) _____

**COMMERCIAL COURT (Maricopa County Only)**

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____
_____

**Additional Defendant(s):**

_____
_____

JEFF FINE
Clerk of the Superior Court
By Maria Patterson, Deputy
Date 06/27/2019 Time 11:55:36
Description                    Amount
-------- CASE# CV2019-010152 --------
CIVIL NEW COMPLAINT             333.00
--------------------------------------
TOTAL AMOUNT                    333.00
       Receipt# 27292005

1  Rodolfo A. Resendez Jr. – 016717
   **RESENDEZ INJURY LAW GROUP PLLC**
2  531 E. Thomas Rd. Ste. 104
   Phoenix, Arizona 85012
3  Telephone: (602) 824-9444
   Fax: (602) 428-6868
4  Rudy@RResendez.com

5  *Attorney for Plaintiffs*

6            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7              **IN AND FOR THE COUNTY OF MARICOPA**

8  ADALBERTO MURILLO GARCIA, and        Case No.  CV 2019-010152
9  ARACELY VASQUEZ RIVERA, as
   husband and wife, individually and on
10 behalf of their minor children                  **COMPLAINT**
   CHRISTIAN A. MURILLO, BRYANT          **(Negligence - Product Liability)**
11 MURILLO, AND JOSHUA A.
   MURILLO,
12

13            Plaintiffs,

14 vs.

15

16 MINE SAFETY APPLIANCES
   COMPANY, a business corporation;
17 MINE SAFETY APPLIANCES
   COMPANY, LLC, a foreign limited
18 liability company; W.W. GRAINGER,
   INC. a foreign corporation; DOES I-V;
19 JOHN and JANE DOES I-X; BLACK and
   WHITE CORPORATIONS I-X; and
20 BLACK and WHITE PARTNERSHIPS I-
   X.
21

22

23            Defendants.

24      Plaintiffs, Adalberto Murillo Garcia, Aracely Vasquez Rivera, Christian A.

25 Murillo, Bryant Murillo, and Joshua A. Murillo ("Plaintiffs"), by and through counsel

26 undersigned, allege the following for their Complaint against Defendants:

27

28

## PARTIES

1.  Plaintiffs are at all times relevant to this Complaint resident of Maricopa County, Arizona.

2.  Defendant MINE SAFETY APPLIANCES COMPANY is at all times relevant to this Complaint, a corporation doing business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

3.  Defendant MINE SAFETY APPLIANCES COMPANY, LLC is at all times relevant to this Complaint, a foreign limited liability company licensed to do business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

4.  Defendant W.W. GRAINGER is at all times relevant to this Complaint, a foreign corporation licensed to do business in the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names.

5.  Defendants, DOES I-V, are at all times relevant to this Complaint residents of the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names as needed.

6.  Defendants, JOHN and JANE DOES, I-X, are at all times relevant to this Complaint residents of the State of Arizona, County of Maricopa. Plaintiff will seek leave of the Court to add or amend their true names as needed.

7.  Defendants, BLACK and WHITE CORPORATIONS, I-X, are at all times relevant to this Complaint, corporations incorporated in the State of Arizona, with their

primary places of operations in the State of Arizona, County of Maricopa. Plaintiff will

seek leave of the Court to add or amend their true names.

8. Defendants, BLACK and WHITE PARTNERSHIPS, I-X are subject to personal

jurisdiction. Plaintiff will seek leave of the Court to add or amend their true names as

needed.

## JURISDICTION

9. All acts or omissions relevant to this Complaint took place in Maricopa County,

Arizona.

10. Jurisdiction is proper in this Court pursuant to A.R.S. Const. Art. 6 § 14.

11. Venue in this matter is proper pursuant to A.R.S. § 12-401.

## DISCOVERY TIER

12. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should

assign this case to:  Tier 3 = Actions claiming $300,000 or more in damages.

## GENERAL ALLEGATIONS

13. On June 27, 2018, Plaintiff Adalberto Murillo Garcia ("Plaintiff A. Murillo"),

was employed by Old Castle Precast, Inc. and was working during regular working

hours in a confined space at or near N 122nd Dr & W Blackstone Dr, Peoria AZ 85383.

Plaintiff A. Murillo was setting up his work area so that he could begin doing his work

to apply a type of preventative maintenance product, or "paste," to some joints between

concrete piping located within the confined space.

14. Plaintiff A. Murillo was wearing a safety harness and was tethered to a confined space entry system made, marketed and/or distributed by Defendants that included a fall arrestor device believed to be an MSA #10158178 "Workman Rescuer."

15. Defendant W.W. Grainger sold the space entry system to Plaintiff A. Murillo's employer, or its affiliate company on or about 6/5/2017.

16. After Plaintiff A. Murillo was lowered into the confined space, he began assembling a work platform that he intended to stand on while performing his labors.

17. Suddenly, Plaintiff A. Murillo slipped and began falling towards the bottom of the confined space approximately fifteen feet below. He was unable to grip anything to prevent himself from falling.

18. Plaintiff A. Murillo expected the Workman Rescuer fall arrestor device would engage and "lock" to prevent him from falling more than a few inches. Instead, the fall arrestor never locked, and Plaintiff A. Murillo fell all the way down to the floor of the combined space.

19. Plaintiff A. Murillo sustained serious and permanent injuries to his lower left extremity as a result of the fall.

## COUNT 1: STRICT PRODUCT LIABILITY

20. The allegations of paragraphs 1 through 19 of this Complaint are incorporated herein by reference.

21. Upon information and belief, Defendants Mine Safety Appliances Company and Mine Safety Appliances Company, LLC (collectively, "MSA") designed, manufactured,

tested, inspected, warranted, marketed and sold the fall arrestor device believed to be of the model named the Workman Rescuer that allegedly failed.

22. Upon information and belief, Defendant W.W. Grainger inspected, warranted, marketed and/or sold the fall arrestor device believed to be of the model named the Workman Rescuer that allegedly failed.

23. Upon information and belief, Defendants MSA and W.W. Grainger were in the business of selling fall arrestor devices and confined space entry systems, and they brought or caused to be brought the above-described device into the stream of commerce in Arizona.

24. Defendants Does I-V, John and Jane Does, I-X, Black and White Corporations, I-X, and Black and White Partnerships, I-X may have participated in the design, manufacture, testing, inspection, warranty, marketing and/or sale of the subject fall arrestor device.

25. At the time Defendants MSA placed the subject fall arrestor device into the stream of commerce where it was acquired by Defendant W. W. Grainger, the subject physical fitness equipment was defective, unreasonably dangerous and unfit for its intended use and purposes because of its design, manufacture, testing, inspection, warranty, marketing, lack of warnings and proper installation. Thus, it was defective. In addition, Defendants MSA and W.W. Grainger failed to provide adequate warnings and/or instructions for use to users such as Plaintiff herein.

26. Pursuant to the Arizona Revised Statutes, all Defendants are strictly liable to Plaintiff for the failure of the defective product.

27. Plaintiff's injuries were a direct and proximate result of the defects of the subject physical fitness equipment and Defendants individual and/or collective failures.

## COUNT II: NEGLIGENCE

28. The allegations of paragraphs 1 through 27 of this Complaint are incorporated herein by reference.

29. Defendants MSA negligently designed, manufactured, tested, inspected, marketed warned about, distributed, repaired, maintained, prepared, installed and/or sold the subject fall arrestor device believed to be known as a Workman Rescuer.

30. Defendant W.W. Grainer negligently inspected, stored, marketed, warned about, distributed, repaired, maintained, prepared, and/or sold the subject fall arrestor device.

31. The Defendants' negligence caused Plaintiff to sustain serious injuries and significant damages.

## COUNT III: *RES IPSA LOQUITUR*

32. The allegations of paragraphs 1 through 31 of this Complaint are incorporated herein by reference.

33. In the alternative, in the event Plaintiff is unable to show the particular circumstances which caused the offending fall arrestor device to fail causing Plaintiff's injury, Plaintiff alleges that the Defendants were individually and/or collectively negligent in causing the subject incident to occur as it would not have ordinarily occurred absent negligence. The offending cable was at all times under the

exclusive control of the Defendants whereby said Defendants, pursuant to the

doctrine of *res ipsa loquitur,* breached their individual and/or collective duties to

Plaintiff causing him injuries and damages. The negligence inferred by and through

the application of *res ipsa loquitur* includes, but is not limited to, the failure to

properly manufactured, tested, inspected, the subject product as well as properly

maintain and monitor the fall arrestor device.

## DAMAGES

34. The allegations of paragraphs 1 through 34 of this Complaint are incorporated

herein by reference.

35. The wrongful acts of Defendants complained of herein caused permanent

injuries and damages to Plaintiff including, but not limited to the following:

     a. Past and future medical expenses;

     b. Pain and suffering;

     c. Disability;

     d. Loss of earnings and loss of earning potential;

     e. Mental anguish, loss of consortium, and loss of enjoyment of life;

     f. Future pain, suffering, and losses of the same or similar types and

       character; and

     g. Economic damages.

36. Defendants, individually and/or collectively, consciously pursued a course of conduct knowing they created a substantial risk of significant harm to others.  Such conduct shows a wanton disregard for public safety and elevation of profits over public safety so egregious that an evil mind can be inferred. As such, Plaintiff is entitled to an award of punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment in their favor in amounts to be determined at trial:

A. For compensatory damages and special incidental damages in such a sum as may be proven at trial;

B. For costs for this suit;

C. For medical expenses;

D. Loss of earnings in an amount to be proven at;

E. For attorney's fees;

F. For other such relief as the Court deems just and proper.

DATED this 27ᵗʰ Day of _____June_____ 2019.

RESENDEZ INJURY LAW GROUP PLLC

Rodolfo A. Resendez Jr., Esq.
531 E. Thomas Rd., Ste. 104
Phoenix, AZ 85012
*Attorney for Plaintiffs*

# EXHIBIT B

# EXHIBIT B

Corporations ▾     Search Business Entities (corpsearch.aspx)     Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)                    Login (../Account/ValidateUser)

Register (../Account/Register_account)

Search entity /   Select entity /   **Order documents**

## Order Business Documents

**Date**: 12/05/2019

### Business Name History

| Name | Name Type |
|------|-----------|
| MINE SAFETY APPLIANCES COMPANY | Current Name |

### Business Entity Details

| | |
|------|------|
| Name | MINE SAFETY APPLIANCES COMPANY |
| Entity Number | 233985 |
| Entity Type | Business Corporation |
| Status | Merged |
| Citizenship | Domestic |
| Entity Creation Date | 01/25/1917 |
| Effective Date | 01/25/1917 |
| State Of Inc | PA |
| Address | %CT Corporation System Dauphin |

### Officers

| | |
|------|------|
| Name | DENNIS L ZEITLER |
| Title | TREASURER |
| Address | 1000 CRANBERRY WOODS DR CRANBERRY TWP PA 16066-5207 |

| | |
|------|------|
| Name | DENNIS L ZEITLER |
| Title | VICEPRESIDENT |
| Address | 1000 CRANBERRY WOODS DR CRANBERRY TWP PA 16066-5207 |

| | |
|------|------|
| Name | DOUGLAS K MCCLAINE |
| Title | SECRETARY |
| Address | 1000 CRANBERRY WOODS DR CRANBERRY TWP PA 16066-5207 |

| | |
|------|------|
| Name | WILLIAM M LAMBERT |
| Title | PRESIDENT |
| Address | 1000 CRANBERRY WOODS DR CRANBERRY TWP PA 16066-5207 |

### Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show 25 ∨ entries

Filter Records [ ]

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Li Tc |
|--------|------|----------|-------|---------------------|-------|-------------------------|---------------------|-------------|-----------------|---------------|-------|
| ☐ | 01/25/1917 | ARTICLES OF INCORPORATION 1 | 3 | 1 | $3.00 | 0 | $40.00 | 43 | 3760 | 3 | |
| ☐ | 03/12/1920 | MISCELLANEOUS FILINGS - Domestic 2 | 2 | 1 | $3.00 | 0 | $40.00 | 43 | 3761 | 2 | |
| ☐ | 05/01/1920 | MISCELLANEOUS FILINGS - Domestic 3 | 2 | 1 | $3.00 | 0 | $40.00 | 43 | 3762 | 2 | |
| ☐ | 12/27/1923 | MISCELLANEOUS FILINGS - Domestic 4 | 2 | 1 | $3.00 | 0 | $40.00 | 43 | 3763 | 2 | |
| ☐ | 06/18/1924 | MISCELLANEOUS FILINGS - Domestic 5 | 5 | 1 | $3.00 | 0 | $40.00 | 43 | 3764 | 5 | |
| ☐ | 09/28/1928 | MISCELLANEOUS FILINGS - Domestic 6 | 2 | 1 | $3.00 | 0 | $40.00 | 43 | 3765 | 2 | |
| ☐ | 02/01/1934 | MISCELLANEOUS FILINGS - Domestic 7 | 2 | 1 | $3.00 | 0 | $40.00 | 43 | 3767 | 2 | |
| ☐ | 02/01/1934 | MISCELLANEOUS FILINGS - Domestic 8 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 3766 | 1 | |
| ☐ | 02/04/1935 | MISCELLANEOUS FILINGS - Domestic 9 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4419 | 1 | |
| ☐ | 11/05/1936 | MISCELLANEOUS FILINGS - Domestic 10 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4386 | 1 | |
| ☐ | 11/10/1936 | ARTICLES OF AMENDMENT- BUSINESS 11 | 4 | 1 | $3.00 | 0 | $40.00 | 43 | 4387 | 4 | |
| ☐ | 06/01/1937 | MISCELLANEOUS FILINGS - Domestic 12 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4388 | 1 | |
| ☐ | 03/21/1938 | MISCELLANEOUS FILINGS - Domestic 13 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4389 | 1 | |
| ☐ | 03/17/1939 | MISCELLANEOUS FILINGS - Domestic 14 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4390 | 1 | |
| ☐ | 09/18/1939 | MISCELLANEOUS FILINGS - Domestic 15 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4391 | 1 | |
| ☐ | 04/25/1941 | MISCELLANEOUS FILINGS - Domestic 16 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4392 | 1 | |
| ☐ | 12/11/1941 | ARTICLES OF AMENDMENT- BUSINESS 17 | 4 | 1 | $3.00 | 0 | $40.00 | 43 | 4393 | 4 | |

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|--------|------|----------|-------|---------------------|-------|--------------------------|---------------------|-------------|-----------------|---------------|------------|
| ☐ | 11/05/1942 | MISCELLANEOUS FILINGS - Domestic 18 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4394 | | 1 |
| ☐ | 06/24/1943 | MISCELLANEOUS FILINGS - Domestic 19 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4395 | | 1 |
| ☐ | 08/31/1944 | MISCELLANEOUS FILINGS - Domestic 20 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4396 | | 1 |
| ☐ | 10/18/1945 | MISCELLANEOUS FILINGS - Domestic 21 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4397 | | 1 |
| ☐ | 10/18/1945 | MISCELLANEOUS FILINGS - Domestic 22 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4398 | | 1 |
| ☐ | 12/26/1945 | ARTICLES OF AMENDMENT- BUSINESS 23 | 9 | 1 | $3.00 | 0 | $40.00 | 43 | 4399 | | 9 |
| ☐ | 12/29/1945 | MISCELLANEOUS FILINGS - Domestic 24 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4400 | | 1 |
| ☐ | 12/19/1946 | MISCELLANEOUS FILINGS - Domestic 25 | 1 | 1 | $3.00 | 0 | $40.00 | 43 | 4401 | | 1 |

Showing 1 to 25 of 71 entries                                 Previous  | 1 | 2 | 3 | Next

| | | | | | | |
|--|--|--|--|--|--|--|
| ☐ | All Dates | All Certified Copies | 175 | Quantity # 1 | $565.00 | |
| ☐ | All Dates | All Plain Copies | 175 | Quantity # 1 | $525.00 | |

**Certified Documents**

| Select | Date | Document | Pages | Quantity# | Price | Line Total |
|--------|------|----------|-------|-----------|-------|------------|
| ☐ | 12/05/2019 | Index and Docket Report | 1 | 1 | $15.00 | |
| ☐ | 12/05/2019 | Index and Docket Certified Report | 1 | 1 | $55.00 | |

**Order Total :**

[<< Back to Search Results]                                                          [Login]

# EXHIBIT C

# EXHIBIT C

## ENTITY INFORMATION

**Search Date and Time:** 12/5/2019 11:26:52 AM

**Entity Details**

**Entity Name:**

W. W. GRAINGER, INC.

**Entity ID:**

F00055749

**Entity Type:**

Foreign For-Profit (Business) Corporation

**Entity Status:**

**Active**

**Formation Date:**

4/30/1954

**Reason for Status:**

In Good Standing

**Approval Date:**

6/20/2018

**Status Date:**

**Original Incorporation Date:**

4/30/1954

**Life Period:**

Perpetual

**Business Type:**

Distribution of maintenance, repair and operating supplies and equipment

**Last Annual Report Filed:**

2019

**Domicile State:**

Illinois

**Annual Report Due Date:**

6/30/2020

Privacy Policy (http://azcc.gov/privacy-policy) l Contact Us (http://azcc.gov/corporations/corporation-contacts)

Years Due:

Original Publish Date:

4/30/1954

**Statutory Agent Information**

Name:

CORPORATION SERVICE COMPANY

Appointed Status:

Active 10/2/2018

Attention:

Address:

8825 N 23RD AVE SUITE 100, PHOENIX, AZ 85021, USA

Agent Last Updated:

6/4/2019

E-mail:

Attention:

Mailing Address:

County:

Maricopa

**Principal Information**

| Title | Name | Attention | Address | Date of Taking Office | Last Updated |
|-------|------|-----------|---------|-----------------------|--------------|
| President | Fred J. Costello | | 100 GRAINGER PKWY, LAKE FOREST, IL, 60045, Lake County, USA | | 6/4/2019 |
| Secretary | Hugo Dubovoy, Jr. | | 100 GRAINGER PKWY, LAKE FOREST, IL, 60045, Lake County, USA | | 6/4/2019 |

Privacy Policy (http://azcc.gov/privacy-policy) | Contact Us (http://azcc.gov/corporations/corporation-contacts)

| Title | Name | Attention | Address | Date of Taking Office | Last Updated |
|-------|------|-----------|---------|----------------------|--------------|
| Treasurer | Robert F. O'Keef, Jr. | | 100 GRAINGER PKWY, LAKE FOREST, IL, 60045, Lake County, USA | | 6/4/2019 |
| Director | Rodney C. Adkins | | 5959 Collins Ave, Apartment 1603, MIAMI BEACH, FL, 33140, Miami-Dade County, USA | | 6/4/2019 |
| Director | Lucas E. Watson | | 2700 Coast Avenue, Mountain View, CA, 60611, Cook County, USA | | 6/4/2019 |

**Page 1 of 1, records 1 to 5 of 5**

**Address** ⓘ

**Attention:** CORPORATION SERVICE COMPANY

**Address:** 8825 N 23RD AVENUE SUITE 100, PHOENIX, AZ, 85021, USA

**County:** Maricopa

**Last Updated:** 10/2/2018

**Entity Principal Office Address**

**Attention:**

**Address:** 100 GRAINGER PKWY, LAKE FOREST, IL, 60045, USA

**County:** Lake

**Last Updated:** 6/4/2019

Back     Return to Search          Document History     Name/Restructuring History

Return to Results                    Pending Documents     Microfilm History

# EXHIBIT D

# EXHIBIT D

1  William F. Auther (State Bar No. 014317)
   Charles M. Seby (State Bar No. 035523)
2  **BOWMAN AND BROOKE LLP**
   Suite 1600, Phoenix Plaza
3  2901 North Central Avenue
   Phoenix, Arizona 85012-2736
4  Telephone: (602) 643-2300
   Fax: (602) 248-0947
5  William.Auther@bowmanandbrooke.com
   Charles.Seby@bowmanandbrooke.com
6  Minute Entries: mme@phx.bowmanandbrooke.com
   Attorneys for MSA Defendants
7

8              **UNITED STATES DISTRICT COURT**

9               **DISTRICT OF ARIZONA**

10 | Adalberto Murillo Garcia, and Aracely Vasquez | |
   | Rivera, as husband and wife, individually and on | |
11 | behalf of their minor children Christian A. | |
   | Murillo, Bryant Murillo, and Joshua A. Murillo, | |
12 | | No. |
   |                     Plaintiffs, | |
13 | | **DECLARATION OF WILLIAM F.** |
   | vs. | **AUTHER** |
14 | | |
   | Mine Safety Appliances Company, a business | |
15 | corporation; Mine Safety Appliances Company, | |
   | LLC, a foreign limited liability company; W.W. | |
16 | Grainger, Inc. a foreign corporation; Does I-V; | |
   | John and Jane Does I-X; Black and White | |
17 | Corporations I-X; and Black and White | |
   | Partnerships I-X. | |
18 | | |
   |                     Defendants. | |
19

20        I, William F. Auther, declare as follows:

21        1.    I am an attorney duly licensed to practice before the United States District Court

22 for the District of Arizona and am an associate with the law firm of Bowman and Brooke

23 LLP, attorneys of record for Defendants Mine Safety Appliances Company, a business

24 corporation, and Mine Safety Appliances Company, LLC (collectively, "MSA Defendants").

25        2.    I make this declaration in support of MSA Defendants' Notice of Removal and

26 to authenticate the exhibits submitted in support thereof. I have personal knowledge of the

27 facts set forth below and if called as a witness, could and would competently testify to the

28 matters stated herein.

                                  1

3.      Attached as Exhibit A are true and correct copies of all pleadings filed in this matter in the state court to date as well as a copy of the state court docket provided on the court's website. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

4.      Attached as Exhibit B is a true and correct copy of a webpage from the website of the Commonwealth of Pennsylvania Department of State, which demonstrates that Mine Safety Appliances Company is a merged business corporation that is both incorporated and headquartered in Pennsylvania.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

5.      Attached as Exhibit C is a true and correct copy of a webpage from the website of the Arizona Corporation Commission, which demonstrates that co-defendant W.W. Grainger is both incorporated and headquartered in Illinois.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

6.      Attached as Exhibit E is a true and correct copy of a webpage from the website of the Commonwealth of Pennsylvania Department of State, which demonstrates that MSA Safety Incorporated is incorporated and headquartered in Pennsylvania. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

7.      Attached as Exhibit F is a true and correct copy of the complete docket from the State Court, case no. CV2019-010152. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

8.      Attached as Exhibit G is a true and correct copy of a webpage from the website of the Arizona Corporation Commission, which demonstrates that defendant Mine Safety Appliances Company, LLC is a limited liability company that has its principal place of business in Pennsylvania and that is organized under the laws of Pennsylvania, and whose sole member is MSA Worldwide, LLC. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

9.      Attached as Exhibit H is a true and correct copy of a webpage from the website of the Commonwealth of Pennsylvania Department of State, which demonstrates that MSA

Worldwide, LLC is a limited liability company that has its principal place of business in Pennsylvania and that is organized under the laws of Pennsylvania. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of December, 2019 at Phoenix, Arizona.

<u>s/ William F. Auther</u>
William F. Auther

# EXHIBIT E

# EXHIBIT E



Corporations ▾     Search Business Entities (corpsearch.aspx)     Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)          Login (../Account/ValidateUser)

Register (../Account/Register_account)

Search entity / Select entity / **Order documents**

## Order Business Documents

**Date**: 12/10/2019

### Business Name History

| Name | Name Type |
|------|-----------|
| MSA Safety Incorporated | Current Name |

### Business Entity Details

| | | Officers |
|--|--|--|
| **Name** | MSA Safety Incorporated | |
| **Entity Number** | 4246563 | |
| **Entity Type** | Business Corporation | |
| **Status** | Active | |
| **Citizenship** | Domestic | |
| **Entity Creation Date** | 02/25/2014 | |
| **Effective Date** | 11/26/2013 | |
| **State Of Inc** | PA | |
| **Address** | %CT Corporation System Dauphin | |

### Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show 25 entries                    Filter Records

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Li To |
|--------|------|----------|-------|---------------------|-------|------------------------|---------------------|-------------|-----------------|---------------|-------|
| ☐ | 02/25/2014 | ARTICLES OF INCORPORATION 1 | 3 | 1 | $3.00 | 0 | $40.00 | | | | |

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Li To |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | 03/07/2014 | ARTICLES OF AMENDMENT-BUSINESS 2 | 3 | 1 | $3.00 | 0 | $40.00 | | | | |
| ☐ | 03/07/2014 | ARTICLES OF AMENDMENT-BUSINESS 3 | 21 | 1 | $3.00 | 0 | $40.00 | | | | |

Showing 1 to 3 of 3 entries                                   Previous | 1 | Next

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | All Dates | All Certified Copies | 27 | Quantity # 1 | $121.00 | | | | | | |
| ☐ | All Dates | All Plain Copies | 27 | Quantity # 1 | $81.00 | | | | | | |

### Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | Line Total |
|---|---|---|---|---|---|---|
| ☐ | 12/10/2019 | Subsistence Certificate | 1 | 1 | $40.00 | |
| ☐ | 12/10/2019 | Index and Docket Report | 1 | 1 | $15.00 | |
| ☐ | 12/10/2019 | Index and Docket Certified Report | 1 | 1 | $55.00 | |

**Order Total :**

<< Back to Search Results                                                      Login

# EXHIBIT F

# EXHIBIT F

# EXHIBIT G

# EXHIBIT G

## ENTITY INFORMATION

Search Date and Time: 12/10/2019 2:47:26 PM

**Entity Details**

Entity Name:

MINE SAFETY APPLIANCES COMPANY, LLC

Entity ID:

R19432791

Entity Type:

Foreign LLC

Entity Status:

**Active**

Formation Date:

8/1/2014

Reason for Status:

In Good Standing

Approval Date:

8/5/2014

Status Date:

Original Incorporation Date:

8/1/2014

Life Period:

Perpetual

Business Type:

Last Annual Report Filed:

Domicile State:

Pennsylvania

Annual Report Due Date:

Years Due:

Original Publish Date:

**Statutory Agent Information**

|  |  |
|---|---|
| **Name:** | |
| CT CORPORATION SYSTEM | |
| **Appointed Status:** | |
| Active | |
| **Attention:** | |
| **Address:** | |
| 3800 N CENTRAL AVE SUITE 460 , PHOENIX, AZ 85012, USA | |
| **Agent Last Updated:** | |
| 6/23/2015 | |
| **E-mail:** | |
| **Attention:** | |
| **Mailing Address:** | |
| 3800 N CENTRAL AVE SUITE 460 , PHOENIX, AZ 85012, USA | |
| **County:** | |

**Principal Information**

| Title | Name | Attention | Address | Date of Taking Office | Last Updated |
|---|---|---|---|---|---|
| Manager | NISHAN J VARTANIAN | | 1000 CRANBERRY WOODS DR, CRANBERRY TOWNSHIP, PA, 16066, USA | 8/1/2014 | 8/5/2014 |
| Manager | STACY MCMAHAN | | 1000 CRANBERRY WOODS DR, CRANBERRY TOWNSHIP, PA, 16066, USA | 8/1/2014 | 8/5/2014 |
| Manager | DOUGLAS K MCCLAINE | | 1000 CRANBERRY WOODS DR, CRANBERRY TOWNSHIP, PA, 16066, USA | 8/1/2014 | 8/5/2014 |

| Title | Name | Attention | Address | Date of Taking Office | Last Updated |
|---|---|---|---|---|---|
| Member | MSA WORLDWIDE LLC | | 1000 CRANBERRY WOODS DR, CRANBERRY TOWNSHIP, PA, 16066, USA | 8/1/2014 | 8/5/2014 |

**Page 1 of 1, records 1 to 4 of 4**

**Address** 

**Attention:**

**Address:** CT CORPORATION SYSTEM 3800 N CENTRAL AVE SUITE 460, PHOENIX, AZ, 85012, USA

**County:** Maricopa

**Last Updated:** 8/5/2014

**Entity Principal Office Address**

**Attention:**

**Address:** 1000 CRANBERRY WOODS DR, CRANBERRY TOWNSHIP, PA, 16066, USA

**County:** Maricopa

**Last Updated:**

Back    Return to Search

Return to Results

Document History      Name/Restructuring History

Pending Documents      Microfilm History

# EXHIBIT H

# EXHIBIT H



Corporations ▾     Search Business Entities (corpsearch.aspx)     Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)          Login (../Account/ValidateUser)

Register (../Account/Register_account)

Search entity  /  Select entity  /  **Order documents**

## Order Business Documents

|  | **Date**: 12/10/2019 |
|---|---|

### Business Name History

| Name | Name Type |
|---|---|
| MSA Worldwide, LLC | Current Name |

### Business Entity Details                                    **Officers**

| Name | MSA Worldwide, LLC |
|---|---|
| **Entity Number** | 4246464 |
| **Entity Type** | Limited Liability Company |
| **Status** | Active |
| **Citizenship** | Domestic |
| **Entity Creation Date** | 02/25/2014 |
| **Effective Date** | 11/26/2013 |
| **State Of Inc** | PA |
| **Address** | %CT Corporation System Dauphin |

### Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show 25 entries          Filter Records

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Tota |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | 02/25/2014 | Certificate of Organization 1 | 3 | 1 | $3.00 | 0 | $40.00 | | | | |

Showing 1 to 1 of 1 entries                                    Previous | 1 | Next

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | All Dates | All Certified Copies | 3 | Quantity # [ 1 ] | $49.00 | | |
| ☐ | All Dates | All Plain Copies | 3 | Quantity # [ 1 ] | $9.00 | | |

### Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | | Line Total |
|---|---|---|---|---|---|---|---|
| ☐ | 12/10/2019 | Subsistence Certificate | 1 | [ 1 ] | $40.00 | | |
| ☐ | 12/10/2019 | Index and Docket Report | 1 | [ 1 ] | $15.00 | | |
| ☐ | 12/10/2019 | Index and Docket Certified Report | 1 | [ 1 ] | $55.00 | | |

**Order Total :**

[ << Back to Search Results ]                                          [ Login ]

# EXHIBIT I

# EXHIBIT I

1 | William F. Auther (State Bar No. 014317)
Charles M. Seby (State Bar No. 035523)
2 | **BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
3 | 2901 North Central Avenue
Phoenix, Arizona 85012-2736
4 | Telephone: (602) 643-2300
Fax: (602) 248-0947
5 | William.Auther@bowmanandbrooke.com
Charles.Seby@bowmanandbrooke.com
6 | Minute Entries: mme@phx.bowmanandbrooke.com
Attorneys for MSA Defendants

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Adalberto Murillo Garcia, and Aracely Vasquez Rivera, as husband and wife, individually and on behalf of their minor children Christian A. Murillo, Bryant Murillo, and Joshua A. Murillo, | No. |
| Plaintiffs, | **VERIFICATION RE COPIES OF ALL PLEADINGS AND OTHER DOCUMENTS FILED IN STATE COURT** |
| vs. | |
| Mine Safety Appliances Company, a business corporation; Mine Safety Appliances Company, LLC, a foreign limited liability company; W.W. Grainger, Inc. a foreign corporation; Does I-V; John and Jane Does I-X; Black and White Corporations I-X; and Black and White Partnerships I-X. | |
| Defendants. | |

Pursuant to LRCiv. 3.6(b), undersigned counsel hereby verifies that the documents attached as Exhibit A to Mine Safety Appliances Company's Notice of Removal are true and complete copies of all pleadings and other documents filed in the state court from which this action has been removed.

. . .

. . .

. . .

. . .

Dated this 10th day of December 2019.

**BOWMAN AND BROOKE LLP**

By: _s/ William F. Auther_
     William F. Auther
     Charles M. Seby
     Suite 1600, Phoenix Plaza
     2901 North Central Avenue
     Phoenix, Arizona 85012-2736

     Attorneys for MSA Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December10, 2019, I electronically transmitted the foregoing **VERIFICATION RE COPIES OF ALL PLEADINGS AND OTHER DOCUMENTS FILED IN STATE COURT** to the Clerk's Office using the CM/ECF System for filing and transmittal, and mailed a copy of the foregoing document via First-Class Mail, postage prepaid, to the following counsel:

Jason Harris
CRUZ & ASSOCIATES, P.C.
1212 E. Osborn Road
Phoenix, AZ 85014
Attorneys for Plaintiffs

 s/ Marcie Buchanan